# WHEELING.

## CAMDEN *v.* WERNINGER.

### July 13, 1874.

A case finally decided in the Supreme Court of Appeals, has become "*res adjudicata*," and is no longer the subject of review in that Court.

Appeal, by Alstorpheus Werninger, from a decree of the circuit court of Harrison county, rendered on the 14th day of October, 1871, in a suit in chancery therein pending, wherein Gideon D. Camden was complainant and Alstorpheus Werninger, Lee Haymond and Luther Haymond, were respondents. The facts appear in the opinion of the Court.

The Hon. Thomas W. Harrison, judge of said circuit court, presided at the hearing below.

*Daniel Lamb* for the appellant.
*Caleb Boggess* for the appellee.

PAULL, JUDGE:

In February 1869, the plaintiff, G. D. Camden, filed his bill in chancery in the circuit court of Harrison county, against A. Werninger and others, for the recovery of a claim or demand against said Werninger, for the sum of $2,500 with interest. In this suit such proceedings were had, that on Wednesday, the 15th day of June, 1870, a decree was entered in favor of the plaintiff, reciting that he was entitled to the payment of his said debt with interest thereon from the time specified in said decree, and subject to the credit therein mentioned;

said decree provided further, that unless said defendant A. Werninger, pay to the plaintiff the amount of his said debt and interest, within thirty days from the date of said decree, that defendants Luther Haymond and Lee Haymond deliver to Ernest A. Duncan, a commissioner appointed by the court, four one thousand dollar United States bonds with the coupons thereon, to be by him sold, and out of the proceeds of sale, to pay to the plaintiff the amount in said decree specified and his costs by him expended in the prosecution of his suit. Other matters are contained in said decree, but the above is all now necessary to notice.

1874.
June Term.

Camden
v.
Werninger.

From the foregoing decree the defendant A. Werninger appealed, and the case was submitted and heard in the Supreme Court of Appeals; and at a session of that Court held on the 19th day of August, 1871, the following decree was entered, to-wit: "The Court, having maturely considered the transcript of the record of the decree aforesaid, together with the arguments of counsel thereupon, is of opinion, for reasons stated in writing and filed with the record, that there is error in said decree: Therefore it is adjudged ordered and decreed that the decree aforesaid be reversed and annulled, and that the appellee do pay to the appellant, Alstorpheus Werninger, his costs about the prosecution of his appeal in this behalf expended. And this cause is remanded to the circuit court of Harrison county, for further proceedings to be had therein, in accordance with the principles laid down in said written opinion."

The cause being remanded to the circuit court for further proceedings, some additional testimony was taken, and on the 14th day of October, 1871, the circuit court entered a decree that defendant A. Werninger pay to the plaintiff $3,121 with interest from the 3rd day of October, 1871, and his costs by him expended; and unless said amount be paid within thirty days from the date of said decree that Caleb Boggess, who was appointed commissioner for

the purpose, sell the four one thousand dollar United States bonds, hereinbefore mentioned, with the coupons, or so many thereof as may be necessary, to satisfy the plantiffs, said decree, and report his proceedings therein to court.

From this decree, the defendant A. Werninger has again taken his appeal to this Court.

The decree of the 14th of October, 1871, in the material part complained of, to-wit: that which establishes the debt or demand against the defendant Werninger, and directs the sale of the United States bonds for the payment of the same, is similar to the former decree, made the 15th day of June, 1870, and which was the subject of review in the appellate Court; the only difference being as to the amount of interest to which the plaintiff is entitled—the former decree being made to correspond in this respect, with the instructions of the Supreme Court.

Thirteen objections are presented by one of defendant's counsel to said decree and three by the other, that is to to the decree of the 14th of October, 1871, now under consideration.

We may now remark that this case as now presented to us, is the same in all material respects as it was when before under consideration by the Supreme Court, and that all the objections now made, except two, to-wit: The tenth in the argument of one counsel, and the second in the brief of the other, must have applied and did apply with all their force to the former decree as they do to the present; we presume they were then made, and the decree was reversed on the ground of error in the allowance of interest, and the cause remanded to the circuit court "for further proceedings to be had in accordance with the principles laid down in the Court's written opinion." We have carefully examined that opinion, and find, according to our judgment, that the principles there laid down for the guidance of the circuit court in this case have either directly and expressly, or by implication and in substance, disposed of all the aforesaid objections, ex-

cept the two hereinbefore referred to. We do not perceive that it would subserve any useful purpose, or decide or illustrate any principle of law whatever, to take up those objections and examine them in the light of the reasons or principles expressed in that opinion, and which must now govern or control in the decision of this cause. This would be a work of supererogation, and we metely state, therefore, the conclusion we have arrived at, after mature consideration; and we agree, consequently with the circuit court, as expressed in said decree, "that the character of the cause has not been changed since the same was considered by the Court of Appeals." To give further expression to our views, would be doing little else than incorporating the objections and the reasons of that court into this opinion.

The tenth objection above referred to, to-wit: that the erred in sustaining the exception of the plaintiff Camden, made to the filing or reading of a record therein named, is not valid. The record here referred to is the record of a a case between different parties, and to which the plaintiff Camden was not a party, and consequently said record and the depositions therein contained, are not evidence against him, and his exception to the same as evidence was properly sustained.

The only remaining objection has relation to the question of interest, or the time from which it should be computed. It is not perceived that there is any error in the decree in this respect. The decree of the circuit court of Harrison county, made on the 14th day of October, 1871, is affirmed, with costs to the appellee.

The other Judges concurred.

DECREE AFFIRMED.