## CHARLESTON.

FERGUSON v. MILLENDER, *et. al.*

Submitted January 10, 1889.—Decided January 29, 1889.

*(GREEN, JUDGE, absent.)

1. COSTS—SETTLEMENT OF SUIT.
      Generally, if pending an appeal or writ of error the matter of controversy in the suit be settled, this Court will simply dismiss the appeal or writ of error without deciding the merits merely to determine as to costs, and will not pass on the question of costs. Otherwise, under the circumstances of this cause.   (pp. 31, 32.)

2. JUDGMENT—PROCESS.
      It is error to render judgment against several defendants, one of them not served with process and not appearing, for which he may, under section 5, c 134 of the Code, reverse the judgment by motion. (p. 32.)

3. JUDGMENT—PROCESS.
      If he make such motion, and it is overruled, the decision of the Circuit Court overruling such motion makes such judgment valid and binding, though before void, unless such decision be re-

* On account of illness.

versed; and he is entitled to reverse it, though the judgment has been satisfied by another of the judgment-debtors. (p. 32.)

4. PARTNERS AND PARTNERSHIP—PROCESS—JUDGMENT.
    All partners must be served with process for judgment against all. (p. 32.)

*Z. T. Vinson* for plaintiff in error.

No appearance for defendant in error.

BRANNON, JUDGE.

In an action of *assumpsit* in the Circuit Court of Wayne county by S. J. Ferguson against J. H. Millender, Jacob Zouck, and W. H. Grothe, as partners in the name of J. H. Millender & Co., process was served on Millender and Zouck but not on Grothe. Millender and Zouck appeared and pleaded, but Grothe did not appear; and there was a trial and verdict for plaintiff for $1,374.94 and judgment against the defendants. Afterwards Grothe moved the Circuit Court to reverse such judgment, assigning in his notice as causes for such reversal, that he had not been served with process had no notice of the action and had not appeared therein. The Court overruled this motion, and he obtained this writ of error.

It is shown to this court, that since the granting of the writ of error Millender has by payment to Ferguson satisfied his demand, and Millender and Zouck ask the dismissal of the writ, while Grothe opposes dismissal and demands a decision of the cause.

A preliminary question is: Shall this Court dismiss the cause or hear it on the merits? Generally it is true, that there must be a matter in controversy during the entire progress of a suit from its inception to final determination both in the lower and appellate court—something on which the final judgment is to operate; and when it appears, that the cause of action has ceased to exist by its discharge, and thus the error complained of is waived or removed, or that it has been released, both courts will stop in the cause, and this Court will dismiss the appeal and will not pass on the question of costs, since the right as to costs can only be decided on a full hearing, which hearing the Court will refuse for the reason just stated,

But this seems to be an exceptional case. While the controversy as between Ferguson and his alleged debtors has been discharged, yet, if as between Grothe and his copartners it is *res judicata*,—if the judgment fixing a liability in favor of Ferguson against the copartners is binding still on Grothe,—he would have to bear his share of it in the way of contribution in the settlement of the partnership accounts and has a right to call on this court to consider his writ of error. It is settled, that if a party sue out a writ of error from a judgment against him, and the judgment is affirmed, the judgment of the appellate court affirming the judgment of the lower court has all the force of *res judicata* and makes that judgment binding. *Armstrong* v. *Poole*, 30 W. Va. 669, (5 S. E Rep. 257); *Camden* v. *Werninger*, 7 W. Va. 528; *Campbell* v. *Campbell*, 22 Gratt. 649; *Henry* v. *Davis*, 13 W. Va. 252; *Mason* v. *Bridge Co.*, 20 W. Va. 223; *Board* v. *Parsons*, 24 W. Va. 551; *Newman* v. *Mollohan*, 10 W. Va 505. If it is a joint judgment, it is binding as a judgment even on parties, who did not appeal and were not served with the appellate process. *Newman* v. *Mollohan*, Id, 488.

And section 5 of chapter 134 of the Code having made the Circuit Court the forum for the reversal of judgments for error, for which this Court but for that statute would reverse, in case of judgment by default, performing for this purpose the same function which otherwise would be performed by this Court, the judgment of the Circuit Court overruling the motion to reverse, adjudging against the party asking the reversal all his points of error, is logically likewise *res judicata* and makes valid the judgment, unless the action of the Circuit Court overruling the motion to reverse be itself reversed by this Court. Thus the action of the Circuit Court overruling Grothe's motion to reverse the judgment overruling the grounds assigned by him for its reversal, in effect making the judgment, though void before, valid and binding on him under the doctrine of *res judicata*, entitles him to have the decision of this Court upon the merits of his writ of error.

We hold that the rendition of judgment generally against all the defendants—Grothe not having been served with process or appearing in the suit—is error. There should have been service of process on all the partners for judgment against

all. Pars. Partn. §§ 1085, 1086; *Carlon's Adm'r.* v. *Ruffner,*
12 W. Va. 297. The judgment being joint must be reversed
*in toto. Midkiff* v. *Lusher,* 27 W. Va. 439; *Hoffman* v.
*Bircher,* 22 W. Va. 537; 2 Tuck. Bl. Comm. 333; *Vandiver*
v. *Roberts,* 4 W. Va. 493.

For these reasons the judgment of the Circuit Court of
Wayne county rendered on the 14th day of June, 1887, over-
ruling Grothe's motion to reverse the original judgment and
the original judgment of the said court rendered on the 2d
day of June, 1887, must both be reversed, and the verdict of
the jury rendered on the 1st day of June, 1887, must be set
aside, and the plaintiff in error must recover of the defendant
in error his costs in this Court and his costs about said motion
in said Circuit Court. *Capehart* v. *Cunningham,* 12 W. Va.
759. This cause is not remanded, as the matter of contro-
versy has been discharged, and the action is dismissed.

DISMISSED.