# CHARLESTON.

## STATE v. LAMBERT.

Submitted September 5, 1902.    Decided December 13, 1902.

1.  COURT—*Question of Law—Opinion.*
       A court will express an opinion on questions of law when it

becomes necessary to do so in determining controverted rights of persons or of property, but it cannot decide moot questions or abstract propositions.  (p. 250).

2.   MANDAMUS—*Writ of Error—Candidate.*

If, pending a writ of error to a judgment of a circuit court, awarding a peremptory writ of *mandamus*, commanding the clerk of a municipal corporation to place the name of the plaintiff, as a candidate for office, on the official ballot to be voted for in an election to be held in such corporation, the election has been held and the alleged right involved has ceased to exist, the writ of error will be dismissed.  (p. 251).

Error to Circuit Court, Berkeley County.

Application by the State, on the relation of D. C. Westenhaver, for writ of *mandamus* to A. F. Lambert, clerk of the town of Martinsburg.  Writ granted, and defendant brings error.

*Dismissed.*

W. B. LINDSEY, for plaintiff in error.

J. M. WOODS, for defendant in error.


POFFENBARGER, JUDGE:

On the 13th day of May, 1901, the judge of the circuit court of Berkeley County, upon the petition of D. C. Westenhaver, awarded an alternative writ of *mandamus* directed to A. F. Lambert, clerk of the town of Martinsburg, West Virginia, commanding him to place the name of said petitioner on the official election ballot to be used in the election to be held in said town on the fourth Monday in May, 1901, as a candidate for member of the council of said town, or to appear in answer to the writ on the 16th day of May, and show cause why he should not do so.

On the return day, the defendant appeared, moved to quash the writ, and, the court having overruled the motion, filed his return in writing, denying, on the ground of insufficiency of the certificate of nomination and failure to file the same within the time prescribed by law, that the petitioner was entitled to have his name placed on the ballot.  Upon a submission to the court and an agreed statement of facts, judgment was rendered for

the plaintiff, awarding a peremptory writ, to which judgment Lambert sued out a writ of error.

It is apparent that lapse of time has eliminated the substance of the controversy, leaving only abstract questions of law for determination. More than eighteen months have passed since the fourth Monday in May, 1901, and any decision now rendered, either affirming or reversing the judgment, would be wholly barren of practical or substantial results. It could neither enforce the alleged right of the petitioner to have his name printed on a ballot which has long since been prepared, used and presumably destroyed, having fully performed its function, nor give to the defendant any relief against the plaintiff. It is the duty of courts to decide the rights of persons and of property when the parties interested cannot adjust their controversy concerning such right between themselves. Beyond this, there is no duty resting upon the court, nor any power or authority vested in them. It has long been settled law that, if one of the litigating parties, by purchase or otherwise, extinguish the claim of the opposite party, or if the parties, by collusion, endeavor to obtain from a court a decision upon a moot question, having no substantial right in actual controversy between them for determination, the court will refuse to take further cognizance of the matter and dismiss the proceeding, if pending, or decline to take jurisdiction if the status of the parties and object of the proceeding appear, when the aid of the court is invoked. *California* v. *R. R. Co.,* 149 U. S. 308; *Singer Co.* v. *Wright,* 141 U. S. 693; *Little* v. *Bowers,* 134 U. S. 547; *East Penn. R. R. Co.* v. *Tel. Co.,* 125 U. S. 695; *Addington* v. *Adams,* 125 U. S. 696; *Ratliff* v. *Patton,* 37 W. Va. 197; *Lord* v. *Veasy,* 8 How. 255; *Am., etc., Co.* v. *Hept.,* 8 Wall. 333; *Williams* v. *Hagood,* 8 Otto, 72; *Hintrager* v. *Mahony,* 6 L. R. A. 50; *O'Sullivan* v. *People,* 20 L. R. A. 148; *State* v. *Tudor,* 5 Am. Dec. 162; *Kidd* v. *Morrison,* Phil. Eq., 31; *Cleaceland* v. *Chamberlain,* 1 Black 419; 2 Ency. pp. 160 and 341, *et seq.* and notes.

While the manner of the elimination of the substantial right which formed the basis of the controversy in this proceeding is not within the terms of the foregoing proposition, it is clearly within the principle stated and the analogy of the cases cited. In one of them, *State* v. *Tudor,* 3 Day (Conn.) 329, 5 Am. Dec.

162, the status of the case was very similar to that of this one, and it was held to be clearly within the rule. The syllabus of that case reads as follows: "In an information in the nature of a *quo warranto* against an officer of a corporation, charging him with having usurped the franchises of the office, a new trial will not be granted for a misdirection when it appears that the term of the office has expired and a new annual election of officers been made."

Nor do the costs involved constitute matter of controversy sufficient to sustain the writ. Judgment for cost is always incidental and dependent upon the primary judgment determining the right involved. *O'Sullivan* v. *People,* 20 L. R. A. 143, 148; *Russell* v. *Campbell,* 112 N. C. 404.

Unless insistence in the brief of counsel for defendant in error upon dismissal for the reason aforesaid may be considered a motion to dismiss and notice thereof, there is neither such motion nor notice of it. Ordinarily, both are prerequisites to an order of dismissal. 2 Enc. Pl. & Pr. 348. But the ground of dismissal insisted upon here is such as to make the general rule requiring notice inapplicable. The ground is jurisdictional and, in such case, the court may dismiss *sua sponte.* 2 Enc. Pl. & Pr. 336; *Freer* v. *Davis,* decided at this term. "But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard." *California* v. *R. R. Co.,* 149 U. S. 308. In *Little* v. *Bowers,* 134 U. S. 547, the matter was held to be jurisdictional for, in concluding the opinion of the court, Mr. Justice Lamar said, "It is well understood that consent does not confer jurisdiction."

For the foregoing reasons the writ of error must be dismissed, but without cost, for two reasons. *First:* When a dismissal is for total want of jurisdiction, the court has no power to award cost. 2 Enc. Pl. & Pr. 354; *Burnham* v. *Rangeley,* 2 Woodb. & M. (U. S.) 417; *Montalet* v. *Murray,* 4 Cranch (U. S.) 46; *Inglee* v. *Coolidge,* 2 Wheat. (U. S.) 363; *M'Iver* v. *Wattles,* 9 Wheat. (U. S.) 650. *Second:* The proceeding is against a

public officer, and, ordinarily, in *mandamus* and prohibition, against public officers in respect to matters judicial, or *quasi* judicial, costs are not allowed. *Judy* v. *Lashley,* 50 W. Va. 628; *State* v. *Superior Court,* 5 Wash. 518.

*Dismissed.*