# CHARLESTON.

ELBON *v.* HAMRICK.

Submitted January 27, 1904—Decided March 8, 1904.

1.   WRIT OF ERROR—*Appellate Court—Judgment.*
       When, pending a writ of error, without fault of a party,

an event occurs rendering it impossible for the appellate court, if it should decide in favor of the plaintiff, to grant him substantial relief, the Court will not decide the merits and give formal judgment, but will dismiss the writ of error, without awarding costs.  (p. 237).

2. WRIT OF ERROR—*Office*—*Term*.

When a writ of error involves a contest as to an office, and while it is pending the term of the office ends, the writ of error will be dismissed without decision of the case, and without judgment as to costs.  (p. 238).

Error to Circuit Court, Webster County.

*Certiorari* by W. W. Elbon against Benjamin Hamrick and others.  Judgment for defendants, and plaintiff brings error.

*Dismissed.*

LINN & BYRNE and W. T. TALBOTT, for plaintiff in error.

MORTON & WYSONG and H. C. THURMOND, for defendants in error.

BRANNON, JUDGE:

W. W. Elbon was elected councilman of the town of Addison, Webster County, but upon contest before the town council he was declared ineligible because not a freeholder, and then he sued out a writ of *certiorari* to reverse that decision, but the *certiorari* was dismissed by the circuit court as improvidently granted.  Elbon obtained a writ of error.

The case now presents to this Court for decision only a moot or useless question, for the reason that the term of office has expired, and if Elbon were successful, he could not take the office.  Our case of *State* v. *Lambert*, 52 W. Va. 248, fully discusses this, holding that "if, pending a writ of error to a judgment awarding a *mandamus* commanding a town clerk to place a candidate's name on an official ballot, the election has been held, the writ of error will be dismissed."  "When pending an appeal, without any fault of defendant, an event occurs which renders it impossible for the appellate court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief the Court will not proceed to a formal judgment, but will dismiss the appeal."  *Mills* v. *Green*, 159 U. S. 651.  There a party sought a right to vote, but the election was over.  *Taylor* v. *May-*

*nor,* 46 W. Va. 588, is decisive of this case, holding that where a case involves right to town offices, and the term ends during pendency of a writ of error, the writ of error will be dismissed. Only a question of costs is left in the case. The subject is fully stated in 2 Cyc. 533. There we find that the court will not hear the case merely to adjudge costs. The principles above stated, and as to costs, will be found in *Fergerson* v. *Millender,* 32 W. Va. 30. Having no controversy on which to base a decision, how can we adjudicate costs? Costs depend on decision of the merits. We cannot award them in favor of plaintiff in error without determining that he has right, or against the defendant without finding him wrong.

Therefore, we dismiss the writ of error, without costs.

*Dismissed.*