# CHARLESTON.

### Baker v. Tappan, et al.

Submitted September 13, 1904. Decided November 29, 1904.

| 56 | 349 |
| 62 | 51 |
| 62 | 523 |
| 56 | 349 |
| 65 | 181 |

1. Supreme Court.—*Jurisdiction—Appeal.*
   If, pending an appeal, the parties, by consent and agreement cause such further proceedings to be had in the court below as dispose of the whole subject matter of the controversy, this Court is thereby deprived of its jurisdiction and the appeal will be dismissed without costs. (p. 349).

Appeal from Circuit Court, Wood County.

Suit by S. B. Baker against D. R. Tappan and others. From the decree for plaintiff, F. P. Moats, trustee, appeals.

*Dismissed.*

V. B. Archer, for appellant.

McCluer & McCluer, for appellee.

Poffenbarger, President:

By a decree, entered by consent of all the parties, and carried into full and complete execution, since the appeal in this case was allowed, settling all the rights of the parties, respecting the subject matter of their controversy, this Court has been deprived of its jurisdiction, and the appeal must be dismissed without costs.

S. B. Baker and D. R. Tappan were equal partners in the hotel business, but a third party held a lien by deed of trust on

Tappan's interest for purchase money. Owing to complications and adversities in the course of the business, Baker caused a receiver to be appointed who took charge of the business and was managing it, when the trust creditor caused Tappan's interest to be advertised for sale. Thereupon, on petition of the receiver, the court enjoined the sale and, upon errors assigned against the action of the court in refusing to dissolve the injunction, an appeal was allowed. Soon afterwards a decree, directing a sale of the property, consented to by the creditor, was entered, a sale was made under it and the sale confirmed. Thus the subject matter of the litigation has been withdrawn and disposed of by act of the parties. No matter what this Court might do, there is no sale to be made or prevented now, and a reversal of the order appealed from would be without the slightest effect. The case, therefore, is ruled by principles announced in *Elbon* v. *Hamrick,* 55 W. Va. 236, (46 S. E. 1029); *State v. Lambert,* 52 W. Va. 248; *Taylor* v. *Maynor,* 46 W. Va. 588 and *Hoffman* v. *Ammons,* decided at the present term. In these cases, the subject is fully discussed and many authorities cited.

For the reason stated, the appeal will be dismissed without costs.

*Dismissed.*