# CHARLESTON

Bice v. Boothsville Telephone Co.

Submitted June 10, 1907.    Decided November 12, 1907.

1.  Costs—*Appeal—Dismissal—Judgment.*
    An Appellate Court, on dismissing an appeal for want of jurisdiction, has no jurisdiction or power to render a judgment for costs of the suit.    (p. 522.)

2.  Same.
    Section 4 of chapter 138 of the Code, empowering the court to give or withhold, in its discretion, costs on any motion, other than a motion for a judgment for money, authorizes judgment for costs incident to the motion, but not costs of the suit. (p. 524.)

3. PROHIBITION—*Enforcement of Void Judgment.*

> The enforcement of a judgment for costs, not authorized by any statute, may be prohibited as a judgment rendered without jurisdiction, when the court rendering it has not jurisdiction of the cause on any other ground, (p. 525.)

4. SAME—*Issuance of Writ.*

> The rule respecting application to the inferior court, to vacate its unauthorized judgment before awarding a writ of prohibition, to prevent the enforcement thereof, is discretionary, and the judgment of a circuit court, on review in the Supreme Court of Appeals, will not be reversed for failure of the circuit court to require such application before awarding the writ, (p. 525.)

Error to Circuit Court, Marion County.

Application by J. Lee Bice against the Boothsville Telephone Company and others for a writ of prohibition. From an order granting the same, the telephone company brings error.

*Affirmed.*

HARRY SHAW, for plaintiff in error.

W. S. MEREDITH, for defendant in error.

POFFENBARGER, JUDGE:

The Boothsville Telephone Company recovered a judgment in a justice's court for the sum of eight dollars, against J. Lee Bice, who took an appeal therefrom to the intermediate court of Marion county, whence the appeal was, on motion, dismissed for want of jurisdiction, the amount in controversy being insufficient. The order of dismissal was accompanied by a judgment for costs, amounting to $17.35, and, denying a lack of jurisdiction in the court to adjudge costs in dismissing an appeal for want of jurisdiction, Bice obtained from the circuit court of said county a writ of prohibition, inhibiting the enforcement of the judgment. To the judgment of the circuit court, awarding said writ, the telephone company obtained from this Court a writ of error.

The federal courts uniformly deny power in the court to award costs on dismissing for want of jurisdiction. *Englee* v. *Coolidge*, 2 Wheat. 360; *McIver* v. *Wattle*, 9 Wheat. 650; *Strader* v. *Graham*, 18 How. 602; *Hornthall* v. *Keary*, 9 Wall. 560; *Mayer* v. *Cooper*, 6 Wall. 247; *Bank* v. *Can-*

*non*, 164 U. S. 319. Some of these cases were referred to in the opinion in *Nutter* v. *Brown*, 58 W. Va. 237, by way of illustration in the discussion of principles, governing costs generally, as showing a condition under which there might be no discretion in the court respecting the matter, but no intimation was there given as to whether it would be proper to award costs in such case under our practice. That question was neither involved nor discussed; but several decisions, rendered by this Court, declare the principle of the federal cases. *Ferguson* v. *Millender*, 32 W. Va. 30; *State* v. *Lambert*, 52 W. Va. 248; *Elbon* v. *Hamrick*, 55 W. Va. 236; *Baker* v. *Tappan*, 56 W. Va. 349. Some apparent exceptions, as well as some actual ones, are recognized by all courts, and, in some jurisdictions, the rule is not observed at all. The Federal Supreme Court holds that the costs of a motion to dismiss for want of jurisdiction may be allowed, when any expenses incident thereto, such as the printing of the record, have been necessarily incurred for the purposes of the motion, but not costs of the suit, as upon a hearing, *Bradstreet Co.* v. *Higgins*, 114 U. S. 262; and, when the appellate court reverses for want of jurisdiction in the lower court, appellate court costs are allowed. *Ferguson* v. *Millender*, 32 W. Va. 30; *Freer* v. *Davis*, 52 W. Va. 1: *Gaylords* v. *Kelshaw*, 1 Wall. (U. S.) 81; *Railroad Co.* v. *Swan*, 111 U. S. 462; *Assessors* v. *Osborn*, 9 Wall. (U. S.) 567; *Montalet* v. *Murray*, 4 Cranch (U. S.) 46. For cases, wholly denying the rule, inhibiting judgment for costs when the court is without jurisdiction of the case, or awarding costs in such case under special statutes, see 11 Cyc. 211, Note II. On the main question, there is sharp conflict of authority, but this Court has undoubtedly adopted the rule adhered to by the federal courts, and it seems to be sustained by the great weight of authority throughout the country. In doing so, we have necessarily construed the statutes we have as not authorizing costs in such cases, even though they may not have been specially considered. One exception among our own decisions has been observed, *Taylor* v. *Maynor*, 46 W. Va. 588, but the matter of costs was not discussed. It was referred to in *Elbon* v. *Hamrick*, 55 W. Va. 236, but not followed in respect to costs. These observations apply also to *Richmond* v. *Henderson*, 48 W. Va.

389, in which this Court, dimissing a writ of *certiorari*, on a writ of error, awarded costs in the court below as well as costs in this Court. *Frye* v. *Miley*, 54 W. Va. 325, was a different kind of case. There a bill in equity was dimissed, as upon a demurrer, and the statute, section 4, chapter 138, Code, probably warranted the decree for costs. All costs are of a statutory authorization, for the common law gave none in any case. 11 Cyc. 24; 5 Ency. Pl. & Pr. 110. Statutes relating to costs must be strictly construed. . 11 Cyc. 27; 5 Ency. Pl. & Pr. 111.    In England and many of the states of this country, they are regarded as penal statutes, 11 Cyc. 27; but our statute declares them not penal. Code, chapter 138, section 10.    The statutory provisions, relied upon as giving jurisdiction, are sections 4, 8 and 11 of chapter 138 of the Code. Section 4 says: "Upon any motion (other than for a judgment for money,) or upon an interlocutory order or proceeding, the court may give or refuse costs, at its discretion, unless it be otherwise provided.    *    *    * And when any part of the proceedings is adjudged insufficient, order all costs occasioned by such insufficient pleading, to be paid by him who committed the fault." Section 8 provides as follows: "Except where it is otherwise provided, the party for whom final judgment is given in any action, or in a motion for judgment for money, whether he be plaintiff or defendant, shall recover his costs against the opposite party." Section 11 says: "In every case in an appellate court, costs shall be recovered in such court by the party substantially prevailing." That section 11, expressly made applicable to appellate courts, does not cover the case is manifest from the several decisions in which it has not been so considered. Section 8, as well as section 11, plainly contemplates only final judgments and decrees. Section 4, by the use of the terms "any motion," may seem to cover the case, but the costs to be allowed under that clause would be only those incident to the motion, if any, and not costs in the suit.    This is the construction placed, by the federal Supreme Court, on one of its rules, couched in terms similar to those of our statute. It does not authorize a judgment for costs generally, including fees and mileage of witnesses, clerk's fees and attorneys' fees. Nothing is suggested or perceived that could afford ground for the taxa-

tion of $17.35 as costs incident to the motion to dismiss.
That said sum is the cost of the suit is put beyond doubt
by the terms of the order under which the taxation was
made.   It gives to the plaintiff, appellee, a recovery of "its
costs by it expended in and about its prosecution of this.
suit in this court."

Want of jurisdiction in a court, entertaining a cause of ac-
tion, or rendering a judgment, subjects it to the writ of pro-
hibition although there may be other remedies.   *Johnson* v.
*Hunter*, 50 W. Va. 52; *Judy* v, *Lashley*, 50 W. Va. 628;
*Morley* v. *Godfrey*, 54 W. Va. 54.    That the amount is
insufficient to give appellate jurisdiction, if the case were
within the jurisdiction, is immaterial.    *Knight* v. *Zahn-
hizer*, 53 W. Va. 370, does not assert the contrary of this
proposition.   The justice in that case had jurisdiction.
Neither prohibition nor *mandamus* lies to give a right of
review, when the legislature has failed to provide for it
*Fleshman* v. *Mc Whorter*, 54 W. Va. 161; but that is not the
matter involved here.    Our question is whether prohibition
lies against a court acting without jurisdiction, and, in such
case, the amount involved is immaterial.   The rule, respect-
ing the giving of opportunity to the inferior court to cor-
rect its own error, is one of discretion only.   It is not obli-
gatory upon the superior court to refuse the writ until
application shall have been made to the court below for
correction.   *Board of Education* v. *Hall*, 51 W. Va. 435.
The circuit court of Marion county having deemed it proper,
under the circumstances, to award the writ, without requir-
ing such application to be first made, this Court cannot dis-
turb its judgment on that ground.   No abuse of its discre-
tion is disclosed by the record, and it is elementary law that
the exercise of judicial discretion will not be disturbed so as
to reverse a judgment, unless the discretion appears to have
been abused.

For the reasons stated, the judgment will be affirmed.

*Affirmed.*