# CHARLESTON

FROIDEVAUX *v.* JORDON *et al.*

Submitted March 17, 1908.    Decided October 6, 1908.

1.   MORTGAGES—*Absolute Deed as Mortgage.*

A deed absolute on its face will, in equity, be declared to be a mortgage, if a separate, sealed and recorded contract between the parties clearly evidences that the deed was, at the inception of the transaction, executed for the forbearance of a loan. (p. 390.)

2.   SAME—*Once a Mortgage Always a Mortgage.*

That which is a mortgage in its inception remains a mortgage unless changed by a new contract, plainly fair and reasonable, and upon adequate consideration, or unless it is conclusively shown that the mortgagor's equity has been waived, rescinded or abandoned by a subsequent, distinct and independent parol agreement between the parties, partially acted upon or fully performed by them. (pp. 390, 391.)

3. Same—*Strict Foreclosure.*

> Strict foreclosure of mortgages in rare instances, if at all, prevails in this jurisdiction. The practice is to appoint a day within which the mortgagor may redeem, and to decree a sale of the property, for payment of the debt secured, in case of default in redemption. (p. 391.)

Appeal from Circuit Court, Cabell County.

Bill by T. D. Froidevaux against H. L. Jordon and others. Decree for defendants, and complainant appeals.

*Reversed and Remanded.*

R. L. Blackwood, R. L. Sanders, and Simms, Enslow, Fitzpatrick & Baker, for appellant.

McComas & Northcott, for appellees.

Robinson, Judge:

A small tract of land belonging to plaintiff, by sale in judicial proceedings, passed to the ownership of one Simpson. Plaintiff arranged to redeem the property. The defendants furnished the money, and Simpson, at plaintiff's direction, conveyed the land to them. A separate written contract between plaintiff and defendants, duly executed under seal, acknowledged and recorded, expressly states that $275 of the money so furnished is a loan by defendants to plaintiff, and that the residue of the money furnished is satisfied by the sale of the timber on the land to defendants by plaintiff. The contract shows, also, that plaintiff is to retain possession of the land and pay the taxes thereon. It is specific in limiting defendants to certain rights on the land for cutting and removing said timber. It provides that if the aforesaid loan and its interest are paid within three years, then the defendants shall execute and deliver to plaintiff a general warranty deed for the land, but if, at the end of the three years, the sum and its interest are not paid, the plaintiff shall vacate the premises. The money not having been paid within the stipulated time, defendants entered into possession of the land. Plaintiff soon thereafter filed his bill against defendants. Its general purposes are to have the deed declared to be only a mortgage for the security of money and to have an accounting for the crops carried away and the rents collected by defendants. It asserts that not-

withstanding that the deed was merely a security for the
loan of money, defendants have taken possession of the
land and appropriated the issues and profits thereof. The
answer completely controverts the case, denying that
the deed was to operate only as a mortgage, and alleging
that plaintiff voluntarily surrendered possession of the
property to defendants and thereby relinquished his rights
therein. Depositions were taken and read. Upon the
hearing there was dismissal of the bill, and plaintiff has
appealed.

Clearly, the money involved in the transaction was a loan.
The parties, in the inception of the matter, so deemed it
and gave it that name. The intention of the parties is
plain, and that intention must control in the construction of
their dealings. Since the money involved was a loan,
we must say that the deed covering it operated only as se-
curity therefor. There can be no question that the trans-
action originally had for its object security for the payment
of the money, the context of the writing drawn up between
the parties cannot be construed otherwise. That writing
states that the money was to be a loan for three years; and
for that time, it cannot be gainsaid, the deed operated solely
as security. If it was for that time a mortgage, it must con-
tinue to be a mortgage. The forbearance of a debt is ex-
pressed in the writing, not the purchase of the property.
The principle enunciated in *Sadler* v. *Taylor*, 49 W. Va.
104, most fittingly applies in this case: "If, by the inten-
tion of the parties, the transaction was originally a security
for the payment of money, it will be held in equity to be
a mortgage, and the maxim, 'Once a mortgage, always a
mortgage,' applies, and it will remain such, unless changed
by a new contract upon an adequate consideration, and so
reasonable and fair as to relieve it of any suspicion of un-
conscientious advantage; but, if, originally, the transaction
was a sale of property with a right of repurchase at the
option of the grantor, it is a conditional sale, and no subse-
quent event short of a new agreement between the parties
can convert it into a mortgage." Nowhere in the written
papers between the parties, nor in the record of this case,
can we find that which even tends to show that originally
the transaction consummated a sale of the land with a right

of repurchase at the option of grantor. The parties have not denominated it a sale of the property, but call the transaction a loan of money. The grantor remained in possession. Besides, defendants, at one time after the debt was due, admitted that a loan existed, by executing a deed for the property to plaintiff and being willing to receive the money and deliver the deed. The defendants thus recognized an interest on the part of plaintiff in the land. *Hursey* v. *Hursey*, 56 W. Va. 148. We think the evidence is clearly, specifically and decisively to the effect that the deed operated only as a mortgage.

Plaintiff, under the allegations of his bill, had a right in a court of equity to ask that the deed be declared a mortgage and to call for an accounting. Equity having assumed jurisdiction for these purposes will go through and enforce all the equities involved. This is the universal rule. Hogg's Eq. Prin., section 319. But what are the other equities involved? They pertain, certainly, to both the mortgagor and mortgagee. The former has the right of redemption; the latter, the right of foreclosure upon default of redemption. Long ago, in the Virginias, did we depart from the strict technical import of mortgages, tending more and more to view them in the light of what they really are—mere liens for the security of debts. Only in rare instances and under peculiar circumstances will strict foreclosure be had. In this case it appears that the land is of far greater value than the amount of the debt. "The practice is to decree a sale, and a day of redemption is given, but if the mortgagor does not avail himself of this privilege, then the land is sold and the proceeds, after paying the costs of suit and sale, are applied to the payment of the debt and interest, and if there be any residue it is paid to the mortgagor." 2 Barton's Ch. Pr. 949; Hogg's Eq. Prin., section 550; 2 Minor's Inst. (2nd ed.) 319.

But it is alleged and maintained on behalf of defendants that plaintiff abandoned his rights, and by parol waived his equity in the property. On this point, however, the evidence is not sufficiently positive to enable us to sanction that position. The case does not come within the rule that "a written contract creating an equitable interest in land, may be rescinded, waived or abandoned by a subsequent

distinct and independent parol agreement between the parties, partially acted on or fully performed by them." *Jordon* v. *Katz*, 89 Va. 628; *Phelps* v. *Seely*, 22 Grat. 573. This rule cannot be applied in the absence of clear and conclusive proof. *Ballard* v. *Ballard*, 25 W. Va. 470; Jones on Mortgages, section 338. It is not conclusively shown that plaintiff's rights were relinquished by him.

The circuit court should have held the deed to be a mortgage, and directed an account to be taken between the parties. Having jurisdiction in these particulars, the court should have gone through and enforced the remaining equities involved. In other words, it should have appointed a day within which to redeem and directed a sale of the property in default of redemption. The decree dismissing the bill is, therefore, reversed, and the cause remanded, with directions for procedure therein according to the principles herein pronounced, and further according to equity.

*Reversed and Remanded.*