# CHARLESTON.

## SHIELDS *v.* SIMONTON.

### Submitted June 13, 1908. Decided February 16, 1909.

1. APPEAL AND ERROR—*Dismissal—Failure of Jurisdiction.*
    If, after a decree denying relief on a bill to foreclose a mortgage, and before submission of an appeal therefrom in the ap-

pellate court, the mortgagee convey the mortgaged premises to a stranger to the record, verbally agreeing with the grantee to refund the purchase money in case the property shall be sold in the ·pending suit, and not purchased by the grantor, no failure of appellate jurisdiction is thereby wrought, and a motion to dismiss the appeal, predicated only on these facts, will be overruled. (p. 181.)

2.  MORTGAGES—*Absolute Deed as Mortgage—Foreclosure.*

The grantee in a deed, absolute on its face, upon showing the same to be in fact a mortgage, may foreclose it in equity, as if it were in form as well as fact a mortgage. (p. 182.)

3.  SAME.

The application of the rules and principles, by which such a deed is shown and declared to be a mortgage, is not precluded by a recital therein, purporting to cancel or release antecedent indebtedness, constituting the consideration for the conveyance, payment whereof was intended to be secured thereby. (p. 183.)

4.  SAME—*Parol Evidence.*

Parol evidence is not admitted in such cases to vary or contradict the terms of the deed, but to establish an independent equity, founded on the purpose and intent of the parties to the instrument. (p. 183.)

5.  SAME—*Actions to Foreclose—Judgment—Scope of Relief.*

In the view of a court of equity, a mortgage constitutes a mere lien for indebtedness, and, on a bill to forclose it, the court may give full, complete and final relief by a personal decree against the mortgagor for the amount of the debt and an order for the sale of the land to satisfy the lien, in default of payment within a reasonable time. (p. 184.)

6.  EXECUTORS AND ADMINISTRATORS—*Actions to Foreclose Mortgage.*

On a bill against a living mortgagor and the administrator and heirs of another who is dead, to foreclose a mortgage, no decree need be pronounced against the administrator if the pleadings, proofs and report of the commissioner, to whom the cause was referred, do not disclose any personal estate in the hands of the administrator unadministered. (p. 185.)

7.  MORTGAGES—*Actions   to   Foreclose—Reference—Attendance   of Guardian.*

An exception to a commissioner's report in a chancery suit to forclose a mortgage, on the ground that the guardian *ad litem* of infant parties did not attend the taking of the evidence and the execution of the decree of reference, is properly overruled, since no statute nor rule of practice requires such attendance in such a suit. (p. 184.)

[Judges BRANNON and ROBINSON, absent.]

Appeal from Circuit Court, Taylor County.

Bill by William L. Shields against D. M. Simonton and another. Decree for defendants, and complainant appeals.

*Reversed and Remanded.*

J. G. St. Cdair, for appellant.

C. P. Guard, for appellees.

Poffenbarger, Judge:

· By his bill and the evidence, William L. Shields shows that he took, from D. M. Simonton and wife, by a deed absolute on its face, a conveyance of a house and two lots in the town of Flemington, Taylor county, for the purpose of securing a debt. As will be presently demonstrated, it was in fact a mortgage, which this suit was brought to foreclose. The circuit court pronounced a decree, declaring the deed absolute in fact, as well as form, and dismissed the bill and he has appealed.

A motion to dismiss the appeal is predicated on the fact that Shields, after the entry of the decree and before the allowance of the appeal, conveyed the property to Newton I. Wolf and wife by a general warranty deed. It is said he thereby accepted the benefit of the decree and estopped himself from complaining of it. It does not bring the case within the prinicple on which dismissals, for failure of jurisdiction, were had in *Baker v. Tappan,* 56 W. Va. 349, *Elbon v. Hambrick,* 55 W. Va. 236, *State v. Lambert,* 52 W. Va. 248, and other cases. There has been no settlement of differences between Shields and Simonton. The former has simply conveyed the property to a third party, and shows by affidavits a contemporaneous agreement to refund the purchase money, in case the land should be sold in this suit and purchased by some person other than himself. If he should buy it himself, his deed would pass the after acquired title by estoppel. He seeks a decree for his debt and extinguishment of Simonton's equity of redemption, and the transaction between him and Wolf, does not in any way affect· these rights. For these reasons, we overrule the motion.

The controlling facts are undisputed. Simonton and his wife purchased the property from Mrs. Lydia Mason and her husband, subject to a purchase money lien held by J. M. Allen. They paid Mrs. Mason $300.00 which they borrowed, for the purpose,

from Shields and payment whereof they secured to him by a deed of trust on the property. Subsequently, they became further indebted to him in the sum of about $390.00. Other creditors began to sue them and obtain judgments. In order to secure to Shields the payment of the additional debt they owed him, they executed the deed in question. Thereafter they continued in possession of the property until Mrs. Simonton died, and, after her death, D. M. Simonton continued to occupy, use and improve it. After the deed had been executed, he paid the Allen debt, and, according to his own testimony, part of the debt he owed Shields. He says the expenditures on account of improvements and the payments on indebtedness were intended to be payments on account of the rent, but Shields denies this. The nature of the acts themselves, taken in connection with the conduct of the parties, must determine the question of intent which governs and controls protestations and reconciles contradictory statements. Possession of the property was not yielded. There was no contract of rental fixing the amount of rent and times of payment. The notes were not surrendered when the deed was executed. The property was improved according to the will of the occupant and under no contract with, or direction by, Shields, just as if Simonton had been the owner. He paid money on the prior indebtedness after the deed was made, as if he were still owner. The continued existence of the relation of debtor and creditor between the parties is said by the decisions to be an infallible index to that of mortgagor and mortgagee in cases of this kind. *Sadler* v. *Taylor,* 49 W. Va. 104, 119; *Conway* v. *Alexander,* 7 Cranch 218; *Glover* v. *Payne,* 19 Wend. 518; Jones on Mort. 263. Considering all the circumstances, disclosed by the record, we think the deed was intended as a mortgage.

The only respect in which this deed differs from the ordinary deed absolute on its face is that it contains the following recital: "That for and in consideration of Six Hundred and fifty dollars ($650) paid and to be paid as hereinafter mentioned, that is to say, the said Shields is to *cansel* a note of $300, which he holds for money loaned to D. M. Simonton and wife to pay on said house, which note is secured in a Deed of Trust, dated Sept. 12," 1889, and is to pay the balance of the purchase money due J. M. Allen as provided for in a deed made by J. M. Allen

& wife to Lydia A. Mason, now of record in the office of the clerk of the county court of Taylor county in Deed Book 22, page 328, and refund to Jennie Simonton $50 which she has already paid." This, however, does not preclude the establishment by parol evidence, of an independent equity inconsistent with these terms. The plaintiff does not deny, nor contradict, the terms of the recital or any others, found in the deed. He simply shows that, notwithstanding the deed and its formal terms and solemn recitals the relation of the parties thereafter was that of debtor and creditor, in accordance with a contemporaneous parol agreement. In *Vangilder* v. *Hoffman,* 22 W. Va. 1, the principle on which this is allowable is thoroughly discussed and explained by Judge GREEN, and, for the purpose of elucidating it, he quotes at length from an opinion delivered by the late Justice Field, in *Pierce* v. *Robinson,* 13 Cal. 116, while he was a member of the California Supreme Court. See 22 W. Va. 66, 16 to 20, inclusive. The form of the deed is immaterial and its recitals go for naught, when this independent equity is shown by extraneous evidence. In *Klink* v. *Price,* 4 W. Va. 4, the deed was executed contemporaneously with a separate written agreement, purporting to give a strict right of re-purchase, solemnly declaring that the grantor should have the exclusive right to purchase the property within the time, and on the terms, therein specified, "but for no longer or greater period and on no other terms or conditions." Nevertheless the court declared these instruments a mortgage. In *Liskey* v. *Snyder,* 56 W. Va. 610, the documentary evidence of absolute title in Liskey was formal and complete and Snyder had executed several separate papers, without any new consideration, purporting to release and surrender all his rights, and the objection to the admission or consideration of the parol evidence, on the ground that it contradicted the written contracts, was overruled, and the transaction declared a mortgage. On page 624 of the volume cited, we said, speaking of the parol evidence, "It is admitted, not to contradict or vary the terms of such instrument, but to establish a constructive fraud, vitiating the instrument, or a superior equity in the nature of a trust."

The amount of the indebtedness, as ascertained by a commissioner to whom the cause was referred, including interest to Jan. 2, 1902, is $848.46. On the report there is an endorsement, purporting to be an exception thereto made by the infant

defendants, heirs of Mrs. Simonton, acting by an attorney, on the ground that their guardian *ad litem* was not present at the taking of the evidence and execution of the decree. Without deciding whether an exception can be so made, we respond that no statute or rule of practice requires the presence of the guardian *ad litem* at the taking of the evidence or execution of the order of reference. His answer brings his wards into court and commits their interest to the protection of the chancellor. Section 13 of chapter 83, Code 1899, section 3240, Code 1906, requires the presence of the guardian *ad litem* at the hearing of a summary proceeding to lease, incumber or sell the land of an infant, but that is because it is a summary, informal proceeding. Section 4 of that chapter, section 3231, Code 1906, provides that no deposition shall be read in a suit against any infant, except by leave of the court, unless taken in the presence of the guardian *ad litem* or upon interrogatories agreed on by him; but this statute has no application in a case of this kind. It is operative only in suits brought under that chapter. *Hurst* v. *Coe,* 30 W. Va. 158; *Moore* v. *Triplett,* 2 Va. Dec. 238 (23 S. E. 69). This is a suit to foreclose a mortgage, not to sell the lands of infants. The exception should have been overruled, the commissioner's report confirmed and a decree pronounced, giving the plaintiff relief.

The measure of the relief to which he is entitled is defined in *Froidevaux* v. *Jordon et al,* 62 S. E. 686. The mortgage, being treated as a security for money, there being indebtedness due the plaintiff, which he could recover at law, and the equity court having jurisdiction of both the subject matter and the parties, all matters in difference between the parties should be settled and determined by a decree in the cause. No authority need be cited for equity jurisdiction to foreclose a mortgage, nor for power in a court of equity to enforce a legal demand, involved in a cause of action of which such court has full jurisdiction on any ground. Clearly, therefore, the trial court should have entered a personal decree for the amount of the debt, and ordered a sale of the land to satisfy the lien, in default of payment of the debt within a reasonable time.

The notes, evidencing the indebtedness, were executed jointly by D. M. Simonton and Rebecca J. Simonton, his wife, now dead, and of whose estate D. M. Simonton is administrator. As

such he is made a party, but did not answer the bill in his fiduciary capacity. It does not appear that any of her personal estate remains unadministered so that a decree against it would avail anything. She owned half of the mortgaged property and *prima facie* owed half of the debts. The commissioner's report shows no unadministered assets of her estate. In this state of the case, we see no reason for a decree against her administrator, but a personal decree against D. M. Simonton in favor of the plaintiff, for the said sum of $848.46, with interest thereon from the second day of January, 1902, until paid, and the costs in this Court, as well as in the circuit court, and requiring the land to be sold to satisfy the liens thereon for said sum and costs, in case the same shall not be paid within a reasonable time to be fixed by the circuit court of Taylor county, will be made and entered here and the cause remanded for the enforcement thereof and further proceedings, agreeable to the principles and conclusions herein stated, and the rules and principles governing courts of equity.

*Reversed and Remanded.*