# CHARLESTON.

BARBEE v. HOWARD, MAYOR, *et als.*

Submitted February 23, 1909.   Decided January 25, 1910.

1. APPEAL AND ERROR—*Dismissal—Moot Question.*
    A writ of error involving title to an office will be dismissed without decision, and without costs, when it appears that, pending the appeal, the term of office has ended, unless it appears that there is some substantial emolument belonging to the office which the *de jure* officer would be prevented from recovering from the *de facto* officer without a reversal of the judgment of the lower court. (pp. 632, 633).

Error to Circuit Court, Mason County.

*Certiorari* by Hugh A. Barbee against H. R. Howard, Mayor, G. W. M. Hooff, and C. F. Filson, to review the action of a canvassing board. Judgment for plaintiff, and defendants Hooff and Filson bring error.

*Dismissed.*

*J. S. Spencer, B. H. Blagg* and *Somerville & Somerville,* for plaintiffs in error.

*Rankin Wiley,* for defendant in error.

WILLIAMS, JUDGE:

At the municipal election held on the 16th day of March, 1907, for the election of officers for the The Town of Point Pleasant, G. W. M. Hooff, C. F. Filson, H. A. Barbee and H. B. Blazer were all voted for as councilmen by the voters of

66 W. Va.

the Third Ward. Only two councilmen from the ward could be elected. On the 22d of March, 1907, the Mayor and council met to canvass the election returns. On the face of the returns it appeared that Hooff and Filson had each received eighty-three, Barbee eighty-five and Blazer eighty votes. Hooff and Filson demanded a recount. The recount was held and resulted in a finding by the canvassing board that Hooff and Filson had each received eighty-five votes, and Barbee eighty-four and Blazer eighty. Barbee then obtained from the circuit court of Mason county a writ of *certiorari* to have the action of the canvassing board reviewed. The court held that Hooff and Filson had each received eighty-three, and that Barbee had received eighty-four, votes, and ordered the board to reconvene, to canvass the returns and to declare the result, and to issue certificates of election to the parties entitled thereto, according to the court's order and finding. To this judgment Hooff and Filson obtained a writ of error and *supersedeas* from this Court on the 24th of May, 1907.

We are first confronted with the preliminary question whether the record in this case does not present a purely moot question. Under the provisions of the amended charter of the The Town of Point Pleasant, the term of office of the councilmen, elected at that election, began on the first Monday in April, 1907, and continued for a period of two years. The term of office therefore, ended in April, 1909, nearly a year ago. Is the question now of any vital importance, or material consequence to either of the parties? What difference does it now make who was in fact elected?

This Court recently held in the case of *Kaufman* v. *Mastin,* 66 W. Va. 99 (66 S. E. 92), that: "Whenever the judgment, if left unreversed, will preclude the party against whom it stands as to a fact vital to his rights, though the judgment if affirmed may not be directly enforceable by reason of lapse of time or change of circumstances pending appeal, a writ of error will not be dismissed as involving only a moot case." See also *Ferguson* v. *Millender,* 32 W. Va. 30; *McWhorter* v. *Northcutt,* 94 Tex. 86 (58 S. W. 720). If the office in controversy carried with it any emoluments then, according to these authorities, plaintiffs in error could say that they have substantial rights which ought to be protected by a reversal of the judgment of

the lower court.  But it does not appear in the record in the present case, nor by the Act of the Legislature amending and re-enacting the charter of the The Town of Point Pleasant, Acts 1891, chapter 40, that there are any emoluments belonging to the office of councilman of said town.

So far, therefore, as it appears to this Court there are no material and substantial rights dependent upon a reversal of the judgment of the lower court.  The term of office, the title to which was determined by the judgment of the lower court, has ended and it does not appear that there was any salary or emolument in connection with it.  Consequently, the question is purely a moot one.  *Elbon* v. *Hamrick*, 55 W. Va. 236; *Hamilton* v. *Ammons*, 56 *Id.* 190; *State ex rel. &c.* v. *Carter*, 63 *Id.* 684.

For the foregoing reasons the writ of error and *supersedeas* will be dismissed without costs.

*Dismissed.*