# CHARLESTON.

## State of West Virginia v. W. A. Jones.

Submitted October, 23, 1917.. Decided October 30, 1917.

1. Appeal and Error—*Moot Question—Dismissal.*

    Where, pending the determination of a writ of error to review a judgment of a circuit court, ousting a justice of the peace from office for malfeasance or misconduct, rendered upon the verdict of a jury returned upon the trial of an indictment found under §4 of article 9 of the Constitution, the term of office of such justice expires, this court will dismiss such writ of error as presenting for consideration only a moot question. (p. 183).

2. Justices of the Peace — *Term — Election of Successor — Presumption.*

    Where it is provided that an officer's term shall be four years from a certain date, and in case his successor is not elected and qualified at the expiration of such term, until the election and qualification of such successor, and provision is made for the election and qualification of such successor in time to enter upon the office at the commencement of the term, it will be presumed, in the absence of a showing to the contrary, that such successor was elected and qualified in accordance with the law providing therefor. (p. 183).

. Error to Circuit Court, Tucker County.

W. A. Jones, a justice of the peace, was indicted for malfeasance, misfeasance, and neglect of official duty. From a judgment ousting him from office, he brings error.

*Writ of error dismissed.*

*D. E. Cuppett* and *Chas. D. Smith,* for plaintiff in error.

*E. T. England,* Attorney General, and *Charles Ritchie,* Assistant Attorney General, for the State.

Ritz, Judge:

In November, 1912, the defendant was elected to the office of justice of the peace of Fairfax District, in Tucker county, for the term of four years beginning on the first day of January, 1913. On the 11th day of March, 1915, he was indicted under the provisions of §4 of article 9 of the Consti-

tution for malfeasance, misfeasance and neglect of official duty, was tried upon said indictment, found guilty, and removed from office. From the judgment ousting him from office he prosecutes this writ of error.

The defendant's term of office expired on the 31st day of December, 1916. Is there a live question presented here for determination? It will be observed that the only punishment provided upon conviction of the charge contained in the indictment is removal from office. By the expiration of the defendant's term there is nothing left upon which the judgment of the court can operate. The defendant can be deprived of nothing in this proceeding, and the questions presented are entirely moot. 3 C. J. 364-365; *State* v. *Lambert,* 52 W. Va. 248; *Elbon* v. *Hamrick,* 55 W. Va. 236; *Hamilton* v. *Ammons,* 56 W. Va. 190; *State* v. *Carter,* 63 W. Va. 684; *Barbee* v. *Howard,* 66 W. Va. '631; *Hamer* v. *Commonwealth,* 107 Va. 636.

But it is said the parties are interested in the question of costs. Costs are merely incident to the trial of the controversy between the parties. Courts do not award costs except as a result of the decision of a real controversy. There being none such here, this court will not determine the moot questions presented in order that it may be advised as to who should pay costs. See authorities above cited.

It is argued that the term of office of the defendant continues until his successor is elected and qualified by virtue of the provisions of §2 of ch. 7 of the Code, and inasmuch as it does not appear that his successor has been elected and qualified it will be presumed that he is still in office. This position is untenable. The law provides for the election of justices of the peace, and for their qualification, so that they may enter upon the discharge of their duties at the time fixed for the commencement of their terms, and nothing appearing to the contrary it will be presumed that the law in this regard has been complied with.

The suggestion that this writ of error should be dismissed as presenting only a moot question comes from the plaintiff in error, and the State cannot be injuriously affected by its dismissal, for even though it be true that the plaintiff in

error is holding over, the dismissal of the writ of error leaves the judgment below in full force, and it will be as effectual to remove him as though this writ of error had never been awarded.

The writ of error will be dismissed without costs.

*Writ of error dismissed.*