NORMAN D. ORWASKY

*v.*

PAUL CHUMA, *et al.*

(No. 12245)

Submitted February 4, 1964.    Decided March 17, 1964.

*Donell & Tarr, Floyd R. Tarr,* for plaintiff in error.

*Leonard Z. Alpert,* for defendant in error.

HAYMOND, PRESIDENT:

This is a mandamus proceeding instituted in the Circuit Court of Hancock County, May 17, 1963, in which the peti-

tioner, Norman D. Orwasky, seeks a writ to require the defendant, Paul Chuma, Clerk of the City of Weirton, to strike the name of Clifford A. Lami, as a nominee for member of the council, from the ballots to be used in the general election to be held in that city on June 4, 1963, and to substitute on such ballots the name of the petitioner. The proceeding was heard and submitted for decision upon the petition and its exhibits, the answer of the defendant and its exhibits, the demurrer and the answer of Clifford Lami, as intervenor, who was permitted by the court to intervene in the proceeding, and the stipulation of certain material facts agreed to by the attorneys of the respective parties. By its judgment rendered May 23, 1963, the circuit court awarded a writ which required the defendant to strike from the ballots to be used in the general election on June 4, 1963, the name of the intervenor, Clifford A. Lami, and adjudged costs against the intervenor but did not require the defendant to substitute the name of the petitioner on such ballots. To that judgment this Court granted this writ of error and supersedeas on May 29, 1963, upon the application of the intervenor, Clifford A. Lami.

Section 3, Article 3, Code of the City of Weirton, contains, among others, the provisions that a candidate for mayor or councilman must be a resident of the city for at least five years prior to the election, and must be assessed and must have paid taxes on at least five hundred dollars worth of real or personal property for the year preceding his election to office.

At a primary election on the 17th day of May, 1963, Peter S. Sokolowski received 376 votes, Clifford A. Lami received 309 votes and the petitioner Norman D. Orwasky received 202 votes, and Sokolowski and Lami, as the two candidates receiving the highest number of votes, were declared by the council of the city to be the nominees for the office of councilman from the first ward of the city.

Lami became a resident of the City of Weirton in March 1950 and continued to reside in the city until May 17, 1954.

At that time he moved his residence to a nearby section outside the city where he resided until December 9, 1960. On that date he again became a resident of the city and resided in the city at the time of the primary election. He owns and is assessed with real and personal property in the city of the total value of.$2600.00 for the year 1962 but he did not pay the taxes assessed upon this property until May 18, 1963, which was one day after the institution of this proceeding but was several days before the date of the general election to be held on June 4, 1963.

The principal errors assigned are the action of the circuit court in holding (1) that mandamus is the proper remedy to determine the qualifications of a nominee for the office of councilman in a municipal election; (2) that the requirement of five years residence in the city means five years immediately preceding the date of the election; and (3) that the residence requirement of five years is not unreasonable, arbitrary or violative of the provisions of Section 9, Article 3, Chapter 8, Code, 1931, as amended, and of Sections 1 and 4, of Article IV of the Constitution of West Virginia.

The situation disclosed by the record with respect to the matters here involved makes it clear that none of the parties at this late date can obtain any relief in this proceeding whether the judgment of the circuit court is affirmed or reversed on this writ of error. It must be presumed that the election scheduled for June 4, 1963, was held on that date, that Lami's name had been stricken from the ballots used in that election, and that he was not elected to the office of councilman. If he was elected any relief available in this proceeding would be entirely unnecessary; and if he was not elected any possible relief available in this proceeding could not now bring about his election. As to the petitioner a like situation exists. If his name was placed on the ballots and he was elected, any relief that might be available to him in this proceeding would be entirely unnecessary; and if he was not elected any possible relief available to him in this proceeding could not now bring about his election. As it must be presumed that the election was held as scheduled on June

4, 1963, this Court can not now, in this proceeding, require the defendant Chuma to place upon or remove from the ballots the name of any candidate for the office of councilman.

The law is well settled that when it appears from the record or extrinsic evidence that no controversy exists between the litigants or that a previously existing controversy has been settled or has ceased to exist a writ of error or an appeal will be dismissed for the reason that courts do not sit to determine moot questions. 1 Michie's Jurisprudence, Appeal and Error, Section 220, and the numerous authorities cited in footnote 10 to that section; *West Virginia Board of Dental Examiners* v. *Storch,* 146 W. Va. 662, 122 S. E. 2d 295; *State ex rel. Hedrick* v. *Board of Commissioners of County of Ohio,* 146 W. Va. 79, 118 S. E. 2d 73; *Huddleston* v. *Mariotti,* 143 W. Va. 419, 102 S. E. 2d 527; *Swartz* v. *Public Service Commission of West Virginia,* 136 W. Va. 782, 68 S. E. 2d 493; *Tynes* v. *Shore,* 117 W. Va. 355, 185 S. E. 845; *Bank of Raleigh* v. *Summit Coal Company,* 99 W. Va. 19, 128 S. E. 301; *State* v. *Jones,* 81 W. Va. 182, 94 S. E. 120; *Whyel* v. *Jane Lew Coal and Coke Company,* 67 W. Va. 651, 69 S. E. 192; *Barbee* v. *Howard,* 66 W. Va. 631, 66 S. E. 1002; *Hamilton* v. *Ammons,* 56 W. Va. 190, 49 S. E. 128; *Elbon* v. *Hamrick,* 55 W. Va. 236, 46 S. E. 1029; *Taylor* v. *Maynor,* 46 W. Va. 588, 33 S. E. 260; *Ferguson* v. *Millender,* 32 W. Va. 30, 9 S. E. 38.

In *State ex rel. Westenhaver* v. *Lambert,* 52 W. Va. 248, 43 S. E. 176, a candidate for the office of member of the council of the City of Martinsburg obtained a writ of mandamus from the Circuit Court of Berkeley County, which required the city clerk to place the name of the candidate upon the official ballot to be used in the municipal election to be held on the fourth Monday in May, 1901. To that judgment of the circuit court the defendant, the city clerk, obtained a writ of error from this Court. The writ of error was dismissed by this Court for the reason that any decision rendered upon the writ of error more than eighteen months after the date of the scheduled election would be wholly barren of practical or substantial results. In that respect the facts of that case are analogous to the

facts of the case at bar and the opinion in that case contains this pertinent language: "It is apparent that lapse of time has eliminated the substance of the controversy, leaving only abstract questions of law for determination. More than eighteen months have passed since the fourth Monday in May, 1901, and any decision now rendered, either affirming or reversing the judgment, would be wholly barren of practical or substantial results. It could neither enforce the alleged right of the petitioner to have his name printed on a ballot which has long since been prepared, used and presumably destroyed, having fully performed its function, nor give to the defendant any relief against the plaintiff. It is the duty of courts to decide the rights of persons and of property when the parties interested cannot adjust their controversy concerning such right between themselves. Beyond this, there is no duty resting upon the court, nor any power or authority vested in them. It has long been settled law that, if one of the litigating parties, by purchase or otherwise, extinguish the claim of the opposite party, or if the parties, by collusion, endeavor to obtain from a court a decision upon a moot question, having no substantial right in actual controversy between them for determination, the court will refuse to take further cognizance of the matter and dismiss the proceeding, if pending, or decline to take jurisdiction if the status of the parties and object of the proceeding appear, when the aid of the court is invoked."

In *State ex rel. Lilly* v. *Carter,* 63 W. Va. 684, 60 S. E. 873, this Court held in point 1 of the syllabus that "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court."; and in that case this Court also held that when the alleged right involved in the proceeding had ceased to exist the writ of error previously granted should be and it was dismissed. This Court also held in point 2 of the syllabus in *State ex rel. Westenhaver* v. *Lambert,* 52 W. Va. 248, 43 S. E. 176, that "If, pending a writ of error to a judgment of a circuit court, awarding peremptory writ of *mandamus,* commanding the clerk of a municipal

corporation to place the name of the plaintiff, as a candidate for office, on the official ballot to be voted for in an election to be held in such corporation, the election has been held and the alleged right involved has ceased to exist, the writ of error will be dismissed."

When, as here, a writ of error has been awarded by this Court to a judgment of a circuit court in a mandamus proceeding which required the clerk of a municipality to remove the name of the plaintiff in error as a candidate for the office of councilman from ballots to be used in a scheduled municipal election and during the pendency of this proceeding on such writ it appears that such election has been held and that the alleged rights of the parties have ceased to exist, such writ of error will be dismissed by this Court without decision of the issues involved in such proceeding.

Inasmuch as the matters involved in this proceeding have become moot and the rights asserted have ceased to exist through lapse of time, and for the reasons heretofore stated, the writ of error previously awarded by this Court must be and it is dismissed.

*Writ of error dismissed.*