## Staunton.

## Norfolk and Western Railway Company v. Commonwealth of Virginia, at the Relation of the State Corporation Commission.

September 22, 1927.

Absent, Prentis, P.

1. Corporation Commission—*Proceeding to Require Railroad to Improve Station Facilities—Order Requiring New Station and Track Layout Within the Issues Made in the Pleadings—Case at Bar.*—In a proceeding before the Corporation Commission the petition alleged that the passenger station at Tazewell was used as both a passenger and a freight depot and was insufficient for either purpose, and prayed that the railroad be ordered to build a new passenger station. The answer denied the material allegations of the petition. It was apparent from the evidence that any change in the station would necessarily involve both the freight and passenger service. The order of the Commission directed the railroad to erect a new station at Tazewell and to make such arrangements of its track layout as to enable the patrons, both passenger and freight, to use the station facilities with reasonable convenience and safety.

   *Held:* That though nothing was said in the petition about the needed change in the track layout, what the order said on that subject was incident to the improvement of the station facilities which the Commission granted, and therefore was within the issues made in the pleadings and the prayer for relief.

2. Corporation Commission—*Proceeding to Require Railroad to Improve Station Facilities—Irrelevant Testimony—Harmless Error—Case at Bar.*—In the instant case, a proceeding before the Corporation Commission to require a railroad to improve its station facilities at Tazewell, a witness testified that the citizens of Tazewell were owners of entensive coal mining operations in Virginia and West Virginia, which added greatly to the business of the railroad and therefore were entitled to a new station in their home town. When objection to this was made, the chairman of the Commission stated that this evidence was immaterial and the "statement of facts and

reasons," made by the Commission, showed that they attached no weight to this testimony in reaching their decision.

*Held:* That this testimony, in view of these facts, did not constitute prejudicial error.

3. Corporation Commission—*Appeal—Reasonableness and Justice of Action of Commission—Presumption in Favor of Action of Commission.*—Under clause (f), section 156 of the Constitution of 1902, the Supreme Court of Appeals has jurisdiction to determine the reasonableness and justice of the action of the Commission appealed from, but such action shall be regarded by the court as *prima facie* just, reasonable and correct. Unless this presumption is rebutted the judgment of the Commission must be affirmed.

4. Corporation Commission—*Stations—Evidence to Support Order Directing Erection of New Station.*—In the instant case, a proceeding before the Corporation Commission to require a railroad to improve its station facilities in Tazewell, the Commission directed the erection of a new station. There was evidence which, if believed, showed that the passenger station at Tazewell was in a very dilapidated and unsanitary condition, and did not provide proper and reasonable comfort and convenience to the public who avail themselves of the company's service at the station; and that its condition was such that it would be impracticable, if not impossible, to repair it and improve it so as to furnish the passenger patrons of the company the comfort and convenience which was their due.

*Held:* That there was evidence to support the order of the Commission.

5. Corporation Commission—*Stations—Commission Directing Railroads to Improve Station Facilities.*—In requiring railroad companies to improve their station facilities, the authorities exercising that power must have a due regard for the comfort and convenience of those availing themselves of the service, on the one hand, and of the company's financial condition on the other. The Commission has no authority to require the erection of a new station simply because the old one has an unattractive appearance. The law requires that the business of the carrier shall be conducted in an efficient and economical manner with reasonable expenditures for structures and equipment.

6. Corporation Commission—*Stations—Directing Erection of New Station—Taking of Property Without Due Process of Law.*—There can be no taking of property without due process of law, where an order of the Corporation Commission is properly made requiring a railroad company to erect a new station.

Appeal from an order of the State Corporation Commission.

*Affirmed.*

The opinion states the case.

*M. B. Booker, Lucian H. Cocke* and *Lucian H. Cocke, Jr.,* for the appellant.

*Harman & Harman* and *J. Powell Royall,* for the appellees.

West, J., delivered the opinion of the court.

This proceeding was instituted on a petition of the town of Tazewell, the town of North Tazewell and the board of supervisors of Tazewell county, asking for an order requiring the Norfolk and Western Railway Company to improve its station facilities at Tazewell, Virginia. The case was heard upon the petition, the answer of the Norfolk and Western Railway Company and the testimony taken on behalf of all parties.

The order appealed from was entered on July 19, 1926, and the material parts thereof read as follows:

"Upon consideration whereof, it appearing from the evidence and exhibits that the station facilities at Tazewell, Virginia, are inadequate to the needs of the public of that vicinity and patrons using the station involved, and that the allegations of the petition are sufficiently sustained, and that the service should be improved to meet the reasonable requirements of the public, and it further appearing from the evidence and exhibits that the present station facilities cannot be made to meet the needs of the public by remodeling or enlarging the existing building, and that, therefore, a new station should be built reasonably adequate to the needs and convenience of the public:

"It is, therefore, ordered that the Norfolk and Western Railway Company do, within a period of six months

from the date of this order, construct a new station building and make such rearrangements of its track layout as to enable the patrons of the station, both passenger and freight, to use the station facilities with reasonable convenience and safety, in accordance with specifications which are ordered to be submitted to the State Corporation Commission for its approval; and for the purposes of considering such specifications and determining whether there has been a proper compliance with the provisions of this order, this case is ordered to be continued on the docket of this Commission for such further action on the part of the Commission as may be found necessary or advisable.

The Norfolk and Western Railway Company, appellant, makes four assignments of error.

Assignment No. 1 alleges that the order complained of is outside of the issues made in the pleadings and the prayer for relief contained in the petition.

[1] The petition alleges that the present passenger station is used as both a passenger and a freight depot and is insufficient for the purposes of either, and prays that the appellant be ordered to build a new passenger station. The answer denies the material allegations of the petition, and thereby puts the same in issue. It is apparent that any change in the present station or the substitution of a new station therefor would necessarily involve both the freight and passenger service. While nothing is said, in terms, in the petition about any needed change in the track layout, we think what the order says on that subject was incident to the improvement of the station facilities which the Commission granted. Appellant did not ask an opportunity to introduce testimony in rebuttal on that subject.

We find no merit in this assignment.

[2] The second assignment of error is that the order

is based upon incompetent and irrelevant testimony. Appellant here refers to the testimony of the witness, St. Clair, when he testified that the citizens of Tazewell were owners of extensive coal mining operations in Virginia and West Virginia, which added greatly to the business of the appellant and were, therefore, entitled to a new station in their home town. The chairman of the Commission, when objection was made, stated that this evidence was immaterial and the "statement of facts and reasons," made by the Commission shows that they attached no weight to this testimony in reaching their conclusions in the case.

We find no prejudicial error in this assignment.

The third assignment of error involves the sufficiency of the evidence to support the order; and the fourth assignment is that the said order is void because it is arbitrary and unreasonable and deprives the appellant of its property without due process of law. These two assignments will be considered together.

Clause (f) of section 156 of the Virginia Constitution, relating to appeals from the State Corporation Commission, provides as follows:

"* * * the chairman of the Commission, under the seal of the Commission, shall certify to the appellate court all the facts upon which the action appealed from was based and which may be essential for the proper decision of the appeal. * * * The Commission shall, whenever an appeal is taken therefrom, file with the record of the case, and as a part thereof, a written statement of the reasons upon which the action appealed from is based, and such statement shall be read and considered by the appellate court upon disposing of the appeal. The appellate court shall have jurisdiction on such appeal to consider and determine the reasonableness and justness of the action of the Com-

mission appealed from, as well as any other matter arising under such appeal; provided, however, that the action of the Commission appealed from shall be regarded as *prima facie* just, reasonable and correct."

The Commission, in compliance with the foregoing section, filed a "statement of facts and reasons," with the record.

Among the facts found are these, which we give practically in the language of the Commission:

The towns of Tazewell and North Tazewell are located nearly adjoining each other and have a joint population of 2,500 to 3,000 inhabitants. The Norfolk and Western station at Tazewell, including the residents of these towns, serves 6,000 to 8,000 people in Tazewell county.

The station, which was built in 1890, is a frame structure of three rooms, the main waiting room 24x30 and two smaller rooms about 15x18 feet, one for men and the other for women. It is a combination freight and passenger station of the type usually found in small towns.

All persons, without regard to race, purchase tickets at the same window in the main waiting room. The building has no basement and is heated by three stoves, one in each room. The building is in need of extensive repairs and is not kept in a first class sanitary condition. In the language of the Commission: "It is, however, a fair deduction, and it is so found as a fact, that the mere matter of making the immediate necessary repairs and improving the character of the care given the station, so as to correct unsanitary conditions that exist, would not be feasible and practicable in the present structure, nor would it make the station commensurate with the reasonable needs and requirements of the community which is being served at that point."

The freight is handled from a platform built for that purpose, adjoining the passenger station and from a side track located between the station and the passenger track. Cattle pens are located close to the passenger station and the loading and shifting of cattle cars renders the boarding and alighting from passenger trains inconvenient and unpleasant.

In 1915 the number of passengers boarding the train at Tazewell was 31,539. The incoming passengers, it is believed, nearly equalled that number. In 1925 the number of persons purchasing ti ckets was 14,775 Between 1915 and 1920 there was an increase, and thereafter a decrease, due to the extensive use of automobiles and bus lines.

The revenues derived by the Norfolk and Western Railway Company from passengers from Tazewell were, for 1915, $20,132.80, and for 1925, $19,621.01, a decrease of only $511.79. There was forwarded from Tazewell May 1, 1925, to April 30, 1926, 60,287,895 pounds of carload freight, from which the Norfolk and Western Railway Company's proportion of revenue was $102,053.67, and 6,244,051 pounds of less than carload freight, from which the Norfolk and Western Railway Company's proportion of the revenue was $16,889.80.

There was received at Tazewell during the same period 76,076,923 pounds of carload freight, from which the Norfolk and Western Railway Company's proportion of the revenue was $89,881.01, and 4,360,030 pounds of less than carload freight, from which the Norfolk and Western's proportion of revenue was $25,747.14.

Tazewell is a relatively important station, and extensive repairs to the station building are needed and have been under consideration by the company for some time. It appears from an exhibit filed as evidence

that N. D. Maher, president of the Norfolk and Western, wrote a letter to the president of the Board of Trade of Tazewell, in April, 1916, in which he acknowledged the need of a better station at that point and virtually promised to erect a new station as soon as conditions became a little more favorable.

Referring to the station building, the Commission says: "The facts of the age and character of the station structure, the absence of any basement or any place for a central heating plant, the extensive character of repairs which would be necessary in order to maintain a proper separation of the races and the furnishing of proper conveniences for the traveling public constitute any attempt at remodeling, or repairing, of the existing building impracticable."

[3] Under clause (f), section 156 of the Constitution, *supra*, this court has jurisdiction to determine the reasonableness and justice of the action of the Commission appealed from, but such action shall be regarded by the court as *prima facie* just, reasonable and correct. Unless this presumption is rebutted the judgment of the Commission must be affirmed.

[4] It is contended that the order under review is without evidence to support it.

There is evidence which, if believed, sustains the facts found by the Commission, and shows that the passenger station at Tazewell is in a very dilapidated and unsanitary condition, and does not provide proper and reasonable comfort and convenience to the public who avail themselves of the company's service at the station; and that its condition is such that it would be impracticable, if not impossible, to repair it and improve it so as to furnish the passenger patrons of the company the comfort and convenience which is their due.

J. W. Whitley, witness for the petitioners, testified as follows:

"Q. Do you think, considering the age of the depot and its present condition, it can be patched up and made comfortable and sanitary?

"A. Well, I hardly see how you could do it. Of course it is possible to do those things, but I don't see how you could make any kind of a depot out of an old house with the sills rotten and as unsightly a building as that is.

"Q. As a practical proposition, you think it is better to have a new building, built on modern lines, heated by a furnace?

"A. I don't believe you could possibly heat that old building. It has a plain wall planked up and down with strips on it; you couldn't possibly put any heat in that. It froze up, a member of the council called their attention to it, and the pipes burst in the depot."

Petitioner's witness, Geo. W. St. Clair, testified to practically the same effect.

[5] In requiring railroad companies to improve their station facilities, the authorities exercising that power must have a due regard for the comfort and convenience of those availing themselves of the service, on the one hand, and of the company's financial condition on the other. The Commission has no authority to require the erection of a new station simply because the old one has an unattractive appearance. The law requires that the business of the carrier shall be conducted in an efficient and economical manner with reasonable expenditures for structures and equipment. *Atlantic Coast Line Railroad Co.* v. *N. C. Corp. Com.*, 206 U. S. 1, 27 S. Ct. 585, 51 L. Ed. 933. The requirements laid upon the carrier must be reasonable and just.

A proper regard for the interests of the stockholders

and the public generally forbids that public carriers erect handsome and expensive station buildings at every station. Such a course would bankrupt a large per cent of the railroads of the country.

It appears from records filed with the State Corporation Commission and is a matter of common knowledge that the Norfolk and Western Railway Company is in a very prosperous condition, and can easily pay the cost of a new station wherever, under the law, it can be properly required to erect the same.

The station at Tazewell is of the type, except somewhat larger, usually constructed at the small wayside stations. It is a matter of common knowledge that the Norfolk and Western Railway Company very often voluntarily provides a more comfortable and more expensive type of station than the one at Tazewell, where it serves towns of 2,500 to 3,000 inhabitants, and a large rural population.

[6] There can be no taking of property without due process of law, where an order is properly made requiring a railroad company to erect a new station. Under the facts disclosed by the record, the action of the Commission was not in violation of any constitutional rights of the defendant.

For the foregoing reasons, we find no error in the order complained of, and it will be affirmed.

*Affirmed.*