# Wytheville.

## WILLIAM E. NEFF AND OTHERS v. J. H. EDWARDS AND OTHERS.

June 24, 1929.

Absent, West, J.

The opinion states the case.

*B. H. Sewell* and *W. L. Davidson*, for the appellants.

*E. W. Pennington* and *Pennington & Cridlin*, for the appellees.

PRENTIS, C. J., delivered the opinion of the court.

J. H. Edwards instituted suit against William E. Neff to enforce the lien of a judgment against his land. The bill alleged that Neff owned a tract of land containing 156 acres; that there were other liens against it, and that he sued for the benefit of all lien creditors who would come in and contribute to the costs.

There being no appearance, the bill was taken for confessed and the cause was referred to a commissioner to take an account of all the liens. Before this decree was executed the Federal Land Bank of Baltimore filed its petition, claiming the first lien on the tract by mortgage dated April 26, 1918, the balance of the principal claimed being $3,135.76, with some overdue accrued interest.

The defendant filed his answer to the original bill, in which he, among other matters, avers that as he had sold a part of the 156 acre tract to his brother, Ransom S. Neff, and wife, before the complainant's lien attached, this part could not be subjected to that lien. He admits that there may be other liens, and prays for a correct account of them.

Several others filed a joint petition, claiming liens by judgments upon the land, aggregating a large amount. These petitioners made a specific allegation which raised a new and distinct issue. This averment was that after the creation of their debts but before their liens by judgments attached, William E. Neff and wife executed a deed conveying to his brother, Ransom S. Neff and wife, a part of the 156 acre tract, said to contain twenty-five acres, and that this conveyance was voluntary, without consideration and made with intent to hinder, delay and defraud his creditors, and hence void as to them.

Then the complainant, Edwards, filed an amended bill, making allegations similar to those just referred to as to the conveyance to Ransom S. Neff and wife—that is, he also attacked the conveyance as voluntary, fraudulent and void as to him.

William E. Neff and wife and Ransom S. Neff and wife filed separate answers to these petitions and the amended bill, and denied all the allegations of fraud.

In the deed thus attacked the consideration is thus expressed: "That the said William E. Neff and Susie E. Neff, his wife, for and in consideration of the sum of $1,000.00, subject to part payment of the Federal Land Bank of Baltimore, Md., deed of trust, recorded in clerk's office of Lee county, Virginia, to be proportioned to the amount of loan and number of acres." The land so conveyed was identified by natural boun-

daries, and by some of the courses and some of the distances. It was not surveyed, but was supposed to contain about twenty-five acres. The description in the deed concluded, "containing twenty-five acres, more or less."

The cause proceeded on the new issue thus raised, namely, as to whether or not the deed conveying part of the land to Ransom S. Neff and wife was made in fraud of the rights of the creditors of William E. Neff, and hence invalid. All other questions arising under the original bill as to the various liens upon the lands of the debtor, William E. Neff, which had not been so conveyed and their priorities were left undetermined until this issue should be first decided—this evidently because it was appropriate, if not necessary, first to determine whether the land conveyed to Ransom S. Neff was nevertheless still liable for the debts due by William E. Neff.

Upon this issue on October 9, 1926, there was a decree annulling and avoiding the conveyance to Ransom S. Neff and wife as to the complaining creditors of William E. Neff. No other question arising in the case was presented, considered or decided.

From this decree William E. Neff and wife, Ransom S. Neff and the heirs at law of his wife appealed to this court. Upon that appeal the sole question presented to this court was as to the validity of the deed and the only prayer of the petition was for the reversal of that decree.

The court reversed that decree and held the conveyance from William E. Neff and wife to Ransom S. Neff and wife to be valid. *Neff* v. *Edwards*, 148 Va. 616, 139 S. E. 291. This is the conclusion of the opinion:

"Our conclusion in the instant case is that, while the transaction discloses some suspicious circumstances, fraud is not established by that clear and satisfactory evidence required by law; that the deed is supported by a valuable and adequate consideration; that, if the conveyance was made with a fraudulent intent on the part of the grantor, it is not shown that the grantee had knowledge of such intent; and that the relationship of the parties and the fact that the grantee in the deed acquired preference over other creditors of the grantor does not defeat the rights of the grantee as a bona fide purchaser.

"The decree of the trial court will, therefore, be reversed, and the case remanded to the trial court with direction to dismiss the bill of the complainants, and the petition of the creditors, who intervened in the suit, at their costs. The appellants will be awarded their costs in this court."

The order of this court, omitting the formal parts, reads: "It is therefore adjudged, ordered and decreed that the same be reversed and annulled, and the case remanded to the said trial court with directions to dismiss the bill of complaint, and the petition of the creditors to intervene in the suit, at their costs. It is further adjudged, ordered and decreed that the appellants recover of the appellees their costs by them expended in the prosecution of their appeal and supersedeas aforesaid here."

The opinion clearly shows that only the issue which we have stated and the decree of October 9, 1926, were before this court for review on the former appeal.

After the order of reversal here, there were these subsequent decrees in the circuit court, to all of which the appellants objected:

On March 2, 1928, there was an order for a survey of the land which had been conveyed to Ransom S. Neff and wife, which the surveyor was directed to file with the commissioner who was proceeding to execute the original decree for an account of the liens on the land referred to. When that survey was made it developed that instead of containing twenty-five acres, more or less, as stated in the deed, it actually contains forty-four acres.

The report of the commissioner (Mr. R. E. L. Chumbley) states the questions involved and his conclusions thus:

"By a subsequent decree entered in said cause on the 9th day of October, 1926, the special commissioner was directed to proceed to perform the duties required of him by decree of June 6, 1923, and in doing so was required also to state as well the liens against a certain tract of land deeded by deed dated the 12th day of January, 1923, by W. E. and Susie E. Neff, his wife, to Ransom S. Neff, and Sariah V. Neff.

"This chancery cause was on the docket of our circuit court for several years, and was finally carried to the Supreme Court of Appeals of the State of Virginia, on the question as to the validity of the deed from said W. E. Neff and wife to said Ransom S. Neff and Sariah V. Neff, and was finally decided by the Court of Appeals in September, 1927, and since that time your commissioner has attempted to carry out the directions of said decree referred to. He gave due notice of the time and place of his sittings to carry out the directions of said decree, and files herewith as a part of his report the notices given of his sitting.

"The special commissioner was also required by counsel representing the complainant and certain petitioning creditors in this chancery cause to report

on the question of the actual acreage in the tract of land conveyed by said W. E. Neff and wife to said Ransom S. Neff and Sariah V. Neff. This deed purports to convey a tract of land containing twenty-five acres, more or less, but the description is not such as to enable one to calculate therefrom the acreage of the tract of land, and it further provides that the tract of land conveyed is subject to the part payment of a Federal Land Bank of Baltimore deed of trust, 'to be proportioned to the amount of the loan and number of acres." Counsel for W. E. Neff objected to the taking of any proof on the question of acreage in this particular tract of land, contending that all questions in regard to this deed, including that of the acreage and the amount of the Federal Land Bank of Baltimore's debt to be paid by this tract of land have been settled by the decision of the Supreme Court of Appeals of the State. The special commissioner is unable to agree with this contention of counsel for W. E. Neff, and thinks that the Court of Appeals in its decision merely decided the question that this is a deed which is not a fraudulent conveyance, and, therefore, valid, as to the creditors of W. E. Neff, and that this decision makes especially pertinent the question as to how much of this Federal Land Bank debt is a charge against this particular tract of land under the language of the deed. The question of the acreage gave the commissioner a great deal of trouble, and the Court of Appeals in its decision states that the evidence in the record before it, was in serious conflict as to this acreage, and in order to make this matter certain, which was capable of being made certain, at the instance of counsel for the defendants, the court entered an order directing W. E. Thompson to make a survey of this tract of land, and this survey was made and the report of the surveyor filed with the

commissioner and the same filed herewith as a part of this report, this survey making the actual acreage of this tract of land forty-four acres. The calculation as to the amount of the Federal Land Bank debt which is a charge against this particular tract of land under the terms of this deed is therefore based upon an acreage of forty-four acres, and this acreage was used by the commissioner in fixing the amounts as given in his lists of liens filed herewith and made a part of this report. The acreage of the original W. E. Neff tract before this conveyance is taken as 156 acres, acreage as shown by Jefferson Neff lands as partitioned 160 acres, less four acres conveyed to H. C. Anderson.

"The commissioner has made and filed herewith as a part of his report, first, a list of liens against the real estate of W. E. Neff, stating the same in the order of their priority, and next a list of liens against the real estate of Ransom S. and Sariah V. Neff, the real estate conveyed in this deed mentioned above, these liens being stated also in the order of their relative priorities."

The only liens reported against the Ransom S. Neff land are some unpaid taxes and $1,043.68 as his proportion of the amount then due on the mortgage due to the Federal Land Bank of Baltimore, Md.

The appellants here, William E. Neff and wife, Ransom S. Neff and Elmer Neff and Maurine Neff, the two heirs-at-law of his deceased wife, excepted jointly to the commissioner's report. The grounds for such exceptions may be thus summarized: They contend that under the former decision and order of this court, the circuit court had no jurisdiction to proceed further with the cause, but could only enter an order dismissing this bill; that neither the precise number of acres in the tract conveyed to Ransom S. Neff and wife,

nor the amount apportioned to this tract could be inquired into or further adjudicated, claiming that the former decision of this court had finally determined the number of acres to be twenty-five, more or less, and the sum to be paid on the first lien of the Federal Land Bank of Baltimore to be $500.00; and that the validity of the deed having been sustained as against the attacking creditors "all matters in connection therewith" have been adjudicated by the former order and decision of this court. These exceptions then are the equivalent of a plea of *res judicata*.

The exceptions were overruled, the report of the commissioner confirmed, the land which had been conveyed to Ransom S. Neff and wife held to contain forty-four acres and subject to the increased proportion of the lien based upon this increased acreage. The decree also directed the land to be sold unless the amount so apportioned should be paid. The appeal is from this decree.

The contentions of the appellants are more plausible than convincing. In view of the contract contained in the deed, these contentions are legally unsound and if sustained would produce inequitable results. This court has no original jurisdiction in such cases. It can only adjudicate questions properly presented by the appeal. The single question presented on the former appeal was whether or not the decree annulling the deed was correct or erroneous, and this was the only question which was decided, or which on that appeal this court had power to decide. Had any other question been decided, this court would have exceeded its jurisdiction. All that is said in the opinion and the language of the order must be construed as limited by the precise question presented and decided. The language of their order or mandate

directing the dismissal of the bill and the petitions of the creditors must, of necessity, be construed to refer to the amended bill and the petitions attacking the conveyance to Ransom S. Neff and wife. This decision left undetermined all the other questions as to the remainder of the land still owned by William E. Neff, the first lien of the Federal Land Bank of Baltimore, and its apportionment between the two tracts, the numerous liens by judgments of the creditors of William E. Neff, and their priorities, and the necessity of construing the Ransom S. Neff deed in order to determine the rights and equities of all the parties.

In the briefs for the appellants it is impliedly conceded that the order of this court on the former appeal does not decide all of the issues, because it is contended that only the "deed branch" was finally decided, and they argue that while every other question is open, as the deed has been determined to be valid, every other question relating to the deed has also been finally decided. This concession shows that the circuit court was right in its conclusion to proceed with the original bill for the subjection of the land of William E. Neff to the liens shown to rest upon it.

It is true that the question raised as to the validity of the deed to Ransom S. Neff has been finally determined, but to determine the validity of this deed is not to construe it. No question as to its construction was raised, nor was it necessary either to construe it or to determine the liability of the grantees until after its validity had been determined.

In the decree now complained of the validity of the deed is conceded, but under the pleadings and facts, it became necessary to adjust the rights of the lienors not against but under the deed. In that deed to Ransom S. Neff and wife, the land is conveyed "subject

to part payment of the Federal Land Bank of Baltimore, Md., deed of trust recorded in clerk's office of Lee county, Virginia, to be proportioned to the amount of loan and number of acres." The description of the land in the deed is not sufficiently definite to determine the number of acres, but all of the lien creditors are interested in determining the quantity of land conveyed in order to fix the amount of the prior lien to be apportioned thereto. The bank is obviously interested, and so also are those creditors holding subsequent liens on the residue of the tract retained by William E. Neff, because the greater the reduction of the first lien by the amount apportioned to the Ransom S. Neff tract, the smaller the burden of the prior lien on the residue of the tract will be.

It is contended for the appellants, however, that because the deed stated that the tract contained twenty-five acres, more or less, and when the conveyance was made the two brothers estimated that $500.00 would be the grantee's share of the first lien, this limits his liability to $500.00. The obvious answer to this claim is that it was only an estimate, and that this limitation contradicts the language of the deed which is the best evidence of the contract by which both are bound. Possibly, if the grantees and beneficiaries under the deed were here claiming that they were misled by the false estimate of the acreage and only intended to assume $500.00 of lien and were here offering to release the acreage in excess of twenty-five acres, they might have an equitable claim to consideration. That, however, is not their attitude. They are here claiming title to the entire forty-four acres, and at the same time claiming that their liability is limited to $500.00. They are claiming both under and against the deed—that is, they take all the benefits of the

deed and the entire forty-four acres, but seek at the same time to avoid the obligation which is expressly imposed by the deed. The burden goes with the benefit.

The language of the deed has been correctly construed by the circuit court to impose upon the grantees in the deed such proportion of the first lien as the forty-four acres conveyed bears to the entire 156 acres subject to the lien.

For the reasons indicated, the doctrine of *res judicata* is inapplicable, and there is no error in the decree from which this appeal is taken.

*Affirmed.*