# Wytheville

## J. L. STORY V. COMMONWEALTH OF VIRGINIA.

June 10, 1940.

Record No. 2247.

Present, All the Justices.

The opinion states the case.

*White, Guy & Davis,* for the appellant.

*Abram P. Staples, Attorney-General,* and *W. W. Martin, Assistant Attorney-General,* for the Commonwealth.

BROWNING, J., delivered the opinion of the court.

J. L. Story, who was engaged in the insurance business as an agent in Portsmouth, Virginia, appeals from an order of the State Corporation Commission rendered July 8, 1939, by which his certificates of registration as the representative of several insurance companies were revoked, because of conduct which was alleged to violate the obligations imposed upon him by section 4235 of the Code of Virginia, that being the section under the provisions of which the certificates were issued.

The Attorney General filed a motion to dismiss Story's petition, based on the contention that the certificates

of registration expired on July 15, 1939, and, therefore, the questions presented had become moot, and that no action of the court could, now, grant Story any substantial relief. While this motion is not without some merit, we overrule it for the reason that the nature of the charges is such that the appellant is entitled to have the issues determined.

Although the Commission's order of May 31, 1939, to show cause, called upon the appellant to defend his right to the issuance of certificates of registration on July 16, 1939, and also for the future, yet its final order was silent as to these questions, therefore no other notice may be taken of them.

On July 6th and 7th, 1939, the case was heard by the Commission upon the testimony of witnesses and exhibits and arguments of counsel, when Story was found guilty of having solicited insurance when he had no certificates of registration, and of having misrepresented the provisions of policies of mutual companies, and his certificates of registration were revoked.

Evidence of former infractions of the law and charges of unethical conduct of the appellant as an insurance agent, which had been before the Commission upon charges preferred against him, was allowed to be introduced and considered by the Commission. Some of these charges resulted in nothing more serious than the Commission's reprimand of the appellant and his consequent promise not to infract again. Portions of the records in these former cases were received and the evidence admitted, not as proof of the guilt of the appellant in the specific case, but as bearing upon his fitness, under the statute, to be granted certificates of registration.

In the case of *Norfolk & W. Ry. Co.* v. *Commonwealth*, 148 Va. 630, 139 S. E. 281, this was said:

"Under clause (f), section 156 of the Constitution, *supra,* this court has jurisdiction to determine the reasonableness and justice of the action of the Commission appealed from, but such action shall be regarded by the court as *prima facie*

just, reasonable and correct. Unless this presumption is rebutted the judgment of the Commission must be affirmed."

The case of *Thompson* v. *Smith*, 155 Va. 367, 154 S. E. 579, 71 A. L. R. 604, the only Virginia authority cited by the petitioner, as dealing with this phase of the case, is so different in its facts from the one in judgment as to afford little help in the decision of the issues here. That case had to do with the right of the complainant to drive his automobile on the streets of a city without having a permit so to do. The requirement to have such permit was based on what was held to be a void ordinance. The suit was by bill for an injunction praying that the chief of police be enjoined from interfering with the operation of complainant's automobile along the streets, by himself, and that he be compelled to restore to him his permit which it was alleged he had revoked under the provisions of the ordinance referred to. The bill was dismissed upon a demurrer. The case presented an entirely different set up from that which obtains in the present instance and hence, it cannot be considered as being helpful.

In the case of *South East Public Service Corp.* v. *Commonwealth,* 165 Va. 116, 127, 181 S. E. 448, 452, this was said:

"Granting that the meaning of section 3865 is doubtful, to give it the construction contended for by petitioner would result in our changing by implication the interpretation placed on it by the Commission over a long period. It would also result in our going counter to the constitutional mandate of the presumption of the correctness of the Commission's decision in this case. Certainly we have been given no reason why this should be done."

The appellant in many of his assignments of error raises issues which were not urged before the trial court and therefore not decided by it. It is elemental that this court will not consider matters not presented in the pleadings, not brought to the attention of the trial court, and not passed upon by it. *Robinson* v. *Mays, Trustee,* 76 Va. 708; *Taylor* v. *Mallory,* 96 Va. 18, 30 S. E. 472; *Stevenson*

v. *Henkle,* 100 Va. 591, 42 S. E. 672; *Union Bank* v. *City of Richmond,* 94 Va. 316, 26 S. E. 821; *Neff* v. *Edwards,* 152 Va. 747, 148 S. E. 799; *Crump* v. *Bronson,* 168 Va. 527, 191 S. E. 663; *Jones* v. *United States Fidelity, etc., Co.,* 165 Va. 349, 182 S. E. 560.

■ It is also equally well settled that the insurance business is *quasi* public and that the State may regulate and control the business and those engaged in it, under its police power, and to this end it may enact laws, prescribing and fixing the qualifications of agents, requiring them to obtain certificates of registration and licenses, and revoking such certificates for cause. *Commonwealth* v. *Sharp,* 155 Va. 714, 721, 722, 156 S. E. 570.

Counsel for the appellant made this statement to the Commission at the hearing, "It is a purely factual matter which you gentlemen have to determine as to who is right. * * * I feel you gentlemen should have all the facts before you, no matter where it goes, and determine in your own mind whether this man is fit to have a license."

■ The Commission did the very thing which counsel suggested. Its decision is fortified by the constitutional presumption that it is just, reasonable and correct. The evidence for the appellant does not overcome this presumption. The evidence is conflicting. There is not a decided preponderance for either party but there is sufficient evidence for the Commonwealth to support the conclusion of the Commission.

We affirm the order of the State Corporation Commission of Virginia as is our bounden duty.

*Affirmed.*