OSMAN E. SWARTZ, *et al.*

*v.*

PUBLIC SERVICE COMMISSION OF WEST VIRGINIA, *et al.*

(No. 10419)

Submitted January 9, 1952.   Decided January 29, 1952.

LOVINS, JUDGE, not participating.

*Osman E. Swartz,* for petitioners.

*C. E. Nethkin,* Public Service Commission of West Virginia, for respondents.

RILEY, PRESIDENT:

On July 6, 1951, Osman E. Swartz and Marion S. Swartz, customers of the West Virginia Water Service

Company in the City of Charleston, filed their second application to this Court praying that the order of the Public Service Commission of West Virginia, entered on January 31, 1951, establishing an interim increase in rates for water service in the amount of twenty per cent over and above the then rates, be suspended, in so far as the new rates apply to the City of Charleston.

On September 13, 1951, the Court granted this appeal, which, by order entered on that date, is limited to the right of petitioners to intervene on the issue of temporary rates involved in the proceeding before the Public Service Commission. On January 8, 1952, the respondent, Public Service Commission of West Virginia, moved to dismiss the appeal on the ground that the sole question involved therein is moot.

On September 14, 1950, West Virginia Water Service Company, a corporation, the applicant before the Public Service Commission of West Virginia, presented to the commission its verified application in writing for authority to change the rates, tolls and charges for water in and adjacent to the Cities of Charleston, South Charleston, Dunbar, Belle, Nitro and St. Albans. By order of the commission entered on September 19, 1950, the application of the West Virginia Water Service Company was filed and docketed under the designation "Case No. 3622". This order provided that the applicant water company should give notice of the filing of its application and of the time and place of the hearing thereon "by making available, for public inspection, a copy of the application filed herein at its offices at Charleston, South Charleston, Dunbar, Belle, Nitro and St. Albans, for a period of at least fifteen days prior to the 16th day of October, 1950, and by publishing a copy of this order once each week for two successive weeks prior to the 16th day of October, 1950, the last publication to be made at least ten days prior to the said 16th day of October, 1950, in a newspaper published and of general circulation in the County of Kanawha, making due return thereof on or before the day of hearing".

On October 16, 1950, at the time and place designated in the commission's order of September 19, 1950, the water company appeared by its counsel, filed affidavits to the effect that true copies of the water company's application were filed at the company's office at St. Albans, the office for South Charleston at Spring Hill and at the First National Bank of South Charleston, as well as at its offices in Charleston, Dunbar, Belle, Nitro and an office located at a pharmacy in West Charleston; and likewise filed certificates issued by The Charleston Gazette and The Charleston Daily Mail, daily newspapers of general circulation in Kanawha and Putnam Counties, showing that a copy of the order of September 19, 1950, was published in each of those newspapers on the 22nd and 29th days of September, 1950.

On October 16, 1950, the applicant water company, Finfer Construction Company, protestants, the City of St. Albans, protestant, and the City of Charleston, as intervenor and complainant, appeared, at which hearing four witnesses testified on behalf of the applicant, and were cross examined and the hearing continued to a date to be thereafter fixed.

On November 15, 1950, the applicant moved, in writing, that an order be entered putting into immediate effect the rates and charges sought by its application "or such increased rates as the Commission might deem right, fair and just" to remain in effect temporarily pending the final order upon such application.

The secretary of the commission then on November 17, 1950, gave notice to all parties of record. On December 9, 1950, the City of St. Albans, by its counsel, filed an answer to applicant's motion for interim rates, denying the grounds set forth in applicant's motion, and urging that the rates charged by the water company to the residents of that city were "exhorbitant, unfair, unjust and discriminatory", in which answer the City of St. Albans prayed that the motion be dismissed.

A hearing was had on December 11, 1950, upon appli-

cant water company's motion that interim rates be established, at which hearing appearances were made on behalf of the applicant and the protestants, Finfer Construction Company and the City of Charleston. Thereafter the commission, on January 31, 1951, entered the order, which the petitioners herein, in their petition filed on July 6, 1951, pray to have suspended. This order established interim rates, effective on all meter readings to be taken on or after February 1, 1951, the rates to remain in effect until the further order of the commission.

By letter received by the commission on February 2, 1951, the petitioner, Osman E. Swartz, purporting to represent himself and other customers of the applicant water company and citizens in the elevated sections, "which require booster service" protested any "surcharge of this character based on alleged lifting cost"; and further the letter urged that no interim increase of rates be granted and protested "any differential on account of altitude, except to the extent that additional cost of service is shown by evidence." Thereafter, on February 21, 1951, the commission received an unverified paper, signed by the petitioners, Osman E. Swartz and Marion S. Swartz, moving that they be admitted as parties to the proceeding, and that the commission set aside the order "so far as it affects rates payable for water service by residents of the City of Charleston, on the ground that the same was entered improvidently and without substantial evidence to support the increase of rates by * * [the commission's] order", and asking that it be set for argument on petitioners' motion.

On March 1, 1951, eight days after the commission received the petitioners' written motion, they filed in this Court their first petition, praying for the suspension of the "proposed new rates in so far as they apply to the City of Charleston." The prayer of this petition having been denied, upon second application made on July 6, 1951, the Court granted to the petitioners the instant appeal, limited to the petitioners' right to intervene; and while this appeal was, as it still is pending in this Court,

the commission, by order regularly entered, permitted the petitioners to intervene in the proceeding, then and now pending before it.

By argument and brief, the petitioners, Osman E. Swartz and Marion S. Swartz, on the motion to dismiss sought to enlarge the scope of the limited appeal heretofore granted so as to cover the question of the interim or temporary rates. This Court on the hearing confined the petitioners, as well as the commission, to the question of the motion to dismiss the appeal on the ground that the petitioners, the Swartzes, having been made parties intervenors, the question involved in the appeal is moot. This is the only question before the Court.

At the time the petitioners filed their application for an appeal from the order of the Public Service Commission of January 31, 1951, they were not parties in the then pending proceeding before the said commission. Therefore, they were not in a position to petition for an appeal from the order of the Public Service Commission of January 31, 1951, fixing the interim rates.

As the instant petition for review and suspension of the order of January 31, 1951, establishing the interim rates was filed in this Court at a time when the petitioners were not before the Public Service Commission as parties, the Court necessarily granted the appeal on the limited basis. If the Court should on this appeal order the Public Service Commission to make the petitioners parties to the proceeding pending before the Public Service Commission, it would require the commission to do that which it has already done, namely, make them parties protestant. It follows that the question involved on this appeal is moot.

This Court was not constituted either to practice law or to decide moot questions. Axiomatic in the procedural law of the State, we are not at liberty to give legal advice or to decide questions which are moot. In many cases it has been held that moot questions or abstract propositions are not cognizable in a court. In *State ex*

*rel. Lilly* v. *Carter*, 63 W. Va. 684, 60 S. E. 873, it was held that moot questions or abstract propositions, the decision of which would avail nothing, are not cognizable. See also *Whyel* v. *Jane Lew Coal & Coke Co.*, 67 W. Va. 651, 69 S. E. 192. For the decided cases in this jurisdiction see generally 1 M. J., Appeal and Error, Section 220; and the West Virginia and Virginia cases cited in 2 Va. and W. Va. Digest, Appeal and Error, Key 781 (1), Cumulative Annual Pocketpart, which refers to the recent Virginia case of *Hankins* v. *Town of Virginia Beach*, 182 Va. 642, 29 S. E. 2d 831.

The petitioners in their memorandum of authorities in opposition to the motion to dismiss the appeal, cite *Kaufman* v. *Mastin*, 66 W. Va. 99, 66 S. E. 92, as well as several cases from other jurisdictions, in support of their position that a moot question will be determined, when such determination is necessary to dispose of an actual pending cause. The *Kaufman* case clearly is not applicable to the instant appeal. In that case the plaintiff Kaufman instituted an action against the defendant Mastin for possession of a drug store room. During the pendency of the writ of error in this Court, Mastin's tenant vacated the property, on the basis of which the plaintiff Kaufman asserted that the question of the right of possession was no longer in issue in the case; but the Court held that, though it would be vain for the court in an action of unlawful detainer to order the defendant Mastin to surrender possession of the property when that possession had already been surrendered, there still remained the question whether the possession of the property by Mastin, through his tenant, for one year after the time, which under Kaufman's notice the property was to be vacated at the time specified therein, was an unlawful withholding of possession for that year. The Court held that if Mastin was lawfully in possession during that one-year period, he could be made to pay under the lease fifty dollars a month for that time; but if Mastin was in unlawful possession he could be made to pay more, that is, a reasonable value for the use and possession of the premises for

the one-year period. Thus, if the judgment in plaintiff's favor in the unlawful detainer action was to stand unreversed, the defendant Mastin would be precluded by it in an action brought to recover for the use and occupancy of the premises from showing that he was lawfully in possession under the lease. Pt. 1, syl., reads: "Whenever the judgment, if left unreversed, will preclude the party against whom it stands as to a fact vital to his rights, though the judgment if affirmed may not be directly enforceable by reason of lapse of time or change of circumstances pending appeal, a writ of error will not be dismissed as involving only a moot case."

We do not, under the rule of *stare decisis,* address ourselves to the cases of *Southern Pacific Terminal Company* v. *Interstate Commerce Commission,* 219 U. S. 498, 55 L. ed. 310, 31 S. C. 279; *United States* v. *Trans-Missouri Freight Association,* 166 U. S. 290, 41 L. ed. 1007, 17 S. C. 540; *Boise City Irrigation & Land Company* v. *Clark,* 131 F. 415; and *Story* v. *Commonwealth,* 9 S. E. 2d 344, cited in the petitioners' memorandum, except to say that a careful examination discloses that these cases are not applicable to the instant case.

This appeal, limited as it is to the right of the petitioners to intervene, poses a moot question, and for that reason it is dismissed.

*Appeal dismissed without prejudice*
*to petitioners.*