487 S.E.2d 332

**ROCKLAND REALTY CORPORATION, a Delaware Corporation, Plaintiff Below, Appellant,**

v.

**Thomas S. LILLY and Gordon Lusk, General Partners Doing Business as Container Company, a West Virginia General Partnership; Container Company, a West Virginia General Partnership; William S. Winfrey, II, in his capacity as Deputy Commissioner of Delinquent Lands and Nonentered Lands of Mercer County; and Glen Gainer, III, in his Capacity as Auditor of the State of West Virginia, Defendants Below, Appellees.**

No. 23878.

Supreme Court of Appeals of West Virginia.

Submitted April 29, 1997.

Decided May 29, 1997.

Charles E. Barnett, Michael T. Chaney, Kay, Casto, Chaney, Love and Wise, Charleston, for Appellant.

Carl D. Andrews, Kenneth E. Webb, Jr., Bowles, Rice, McDavid, Graff and Love, Charleston, for Appellees Thomas S. Lilly, Gordon Lusk, and Container Company.

Darrell V. McGraw, Jr., Attorney General, Kelli D. Talbott, Senior Assistant Attorney General, for Appellees William S. Winfrey, II, and Glen Gainer, III.

PER CURIAM:

The appellant and plaintiff below, Rockland Realty Corporation ("Rockland Realty"), appeals a ruling by the circuit court holding a delinquent land sales statute, *W.Va.Code*, 11A–3–58 [1994], to be constitutional. The statute concerned the distribution of moneys collected from delinquent taxpayers who redeem delinquent property. The appellant argues that we should declare the statute to be in violation of *W.Va. Const.*, art. 12, § 4 and the Irreducible School Fund Amendment to the *West Virginia Constitution*. However, the record shows that the appellant never attempted to comply with the challenged statute and redeem the property, and furthermore, the statute has since been amended to remove the challenged provisions. Accordingly, we decline to evaluate the challenged statute in the abstract, and affirm.

I.

*Factual Background*

Appellant Rockland Realty was the owner of a shopping center known as Bluefield Plaza in Mercer County, West Virginia. In late 1989, after the appellant failed to pay its property taxes, the Sheriff of Mercer County offered the shopping center for sale at a public auction to pay delinquent 1988 taxes. There were no successful bidders for the property, and the Sheriff bid the property in on behalf of the State of West Virginia. The

State continued to hold the property until 1994.

In 1994, the Legislature substantially amended the statutes relating to the sale of land for nonpayment of taxes, and enacted *W.Va.Code,* 11A–3–1 to –68 [1] to streamline and simplify the delinquent property sale procedure. Thereafter, appellee Glen Gainer, III, the State Auditor, certified the property to appellee William S. Winfrey, II, who was acting as the "Deputy Commissioner of Delinquent and Nonentered Lands of Mercer County." In accordance with the new *Code* provisions, on August 29, 1994 appellee Winfrey offered the shopping center for sale at a public auction. Again, there were no successful bidders for the land.

Pursuant to *W.Va.Code,* 11A–3–48 [1994], appellee Winfrey thereafter sought a private purchaser for the land. On September 27, 1994, Winfrey entered into an agreement with appellee Container Company whereby Winfrey agreed that if the property was not redeemed by the appellant, he would convey the land to Container Company for $100,000. Container Company is a general partnership operated by appellees Thomas S. Lilly and Gordon Lusk.

A "Notice to Redeem" was then mailed to the appellant and was received on November 4, 1994. In accordance with *W.Va.Code,* 11A–3–55, the notice indicated the amount required to redeem the property was the full amount of delinquent taxes plus costs and interest, a total of $602,167.63.

On November 23, 1994, appellant Rockland Realty filed this action to enjoin the sale by Deputy Commissioner Winfrey to Container Company. The circuit court issued a temporary injunction prohibiting the sale, but provided that the injunction would automatically expire on December 15, 1994, unless the appellant paid to the Clerk of the Court, as bond, the redemption amount of $602,167.63. The appellant did not pay the Clerk this sum and the injunction automatically terminated. Appellee Winfrey then delivered the deed for the shopping center to Container Company on December 22, 1994.

The parties stipulated the facts to the circuit court and submitted the issues to the court on motions for summary judgment. On April 8, 1996 the circuit court entered an order denying the appellant's motion for summary judgment, and granting the appellees' motion. This appeal followed.

## II.

### *Discussion*

Appellant Rockland Realty contends that *W.Va.Code,* 11A–3–58 [1994], was unconstitutional because it mandated that moneys paid to redeem delinquent property were to be paid to the purchaser of the property, and not to the State for use in the general school fund. At the time the subject property was conveyed to appellee Container Company, *W.Va.Code,* 11A–3–58 [1994] stated (with emphasis added):

> (a) Where the land has been redeemed ... and the deputy commissioner has delivered the redemption money to the sheriff ... the sheriff shall, upon request made of him by the purchaser ... and upon delivery to the sheriff of the purchaser's receipt for the sale, *pay to the purchaser* ... the following amounts: (1) ... (B) the amount of taxes, interest and charges due on the date of the sale, plus the interest at the rate of one percent per month from the date of sale to the date of redemption....

The appellant argues that *W.Va. Const.,* art 12, § 4, combined with the Irreducible School Fund Amendment, requires that all moneys raised by delinquent tax sales must be used for the support of the State's school system. *W.Va. Const.,* art. 12, § 4, states:

> [A]ll money accruing to this State from forfeited, delinquent, waste and unappropriated lands ... shall be set apart as a separate fund, to be called the "school fund" ... Provided, that all taxes which shall be received by the State upon delinquent lands, except the taxes due to the State thereon, shall be refunded to the

---

**1.** The Legislature modified many sections of this article in 1995, and added several new sections.

*See W.Va.Code,* 11A–3–1 to –74 [1995].

county or district by or for which the same were levied.

The Irreducible School Fund Amendment, ratified in 1902, modifies Article 12, section 4, and establishes a general school fund for the support of public schools. *See Board of Ed. of Wyoming County v. Board of Public Works,* 144 W.Va. 593, 609, 109 S.E.2d 552, 561 (1959). The Amendment further states, in pertinent part:

> All money and taxes heretofore payable into the treasury under the provision of the said [Article 12], section four, to the credit of the school fund, shall be hereafter paid into the treasury to the credit of the general school fund for the support of the free schools of the State.

The appellant argues that *if* it had redeemed the delinquent property and paid the $602,167 in back taxes and fees, then that money *might* have gone solely to *the purchaser*, appellee Container Company, and not into the general school fund.[2] Therefore, the appellant concludes the circuit court should have declared the 1994 redemption statute unconstitutional[3], held the deed of the property to Container Company to be void, and

returned ownership of the shopping center to the appellant.

We begin addressing the appellant's arguments by noting two critical facts. First, *W.Va.Code,* 11A–3–58 [1994] was substantially revised by the Legislature in 1995. The provision challenged by the appellant, relating to giving redemption moneys *to the purchaser* of delinquent property, was removed.[4] Second, it is clear that the appellant never attempted to avail itself of the redemption procedures it now seeks to challenge. The appellant never, in the six years after it failed to pay its 1988 taxes, attempted to eliminate this delinquency. Even after appellee Winfrey arranged for the private sale of the property to Container Company, the appellant never attempted to redeem the property as provided by law. And after the appellant challenged the statute, it failed, as required by the circuit court, to post a bond in the amount of the delinquency until the constitutionality of the statute could be resolved.

■■■ This Court presumes the constitutionality of acts of the Legislature, and we will not declare a statute to be void except

---

2. In its brief, the appellant repeatedly makes allusions of impropriety to the fact that appellee Winfrey sold the delinquent land to Container Company in a privately negotiated sale, rather than a public auction. The appellant also infers some wrongdoing by the State in selling the property for less than the amount of delinquent taxes.

*W.Va.Code,* 11A–3–48 [1994] allows a deputy commissioner to sell delinquent lands "at any time subsequent to such [public] auction, without any further public auction or additional advertising of such land, to any party willing to purchase such property." The sale price agreed upon by the deputy commissioner and purchaser must be approved by the State Auditor. We agree with the Attorney General's interpretation of the statute's intent: the statute commendably allows delinquent properties to be placed into the hands of responsible taxpayers, rather than languish on the tax rolls.

3. The appellant does not challenge *W.Va.Code,* 11A–3–48 [1994], which gave appellee Winfrey the authority to privately sell the delinquent property. The appellant challenges only *W.Va. Code,* 11A–3–58 [1994], the provision which required payment of redemption moneys *to the purchaser* of the delinquent property.

4. *W.Va.Code,* 11A–3–58(a) [1995] now states:

> (a) Where the land has been redeemed in the manner set forth in section fifty-six of this article, and the deputy commissioner has delivered the redemption money to the sheriff pursuant to section fifty-seven of this article, the sheriff shall, upon delivery of the sum necessary to redeem, promptly notify the purchaser, his heirs or assigns, by mail, of the redemption and pay to the purchaser, his heirs or assigns, the following amounts: (1) The amount paid to the deputy commissioner at the sale; (2) all other taxes thereon, which have since been paid by the purchaser, his heirs or assigns, with interest at the rate of one percent per month from the date of payment; (3) such additional expenses as may have been incurred in preparing the list of those to be served with notice to redeem, and any title examination incident thereto, with interest at the rate of one percent per month from the date of payment, but the amount which shall be paid, excluding said interest, for such expenses incurred for the preparation of the list of those to be served with notice to redeem required by section fifty-two of this article, and any title examination incident thereto, shall not exceed two hundred dollars; and (4) all additional statutory costs paid by the purchaser.

where the act violates the *Constitution* beyond a reasonable doubt.

In considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt.

Syllabus Point 1, *State ex rel. Appalachian Power Co. v. Gainer*, 149 W.Va. 740, 143 S.E.2d 351 (1965). *In accord*, Syllabus Point 1, *West Virginia Trust Fund, Inc. v. Bailey*, 199 W.Va. 463, 485 S.E.2d 407 (1997); Syllabus Point 1, *State ex rel. Blankenship v. Richardson*, 196 W.Va. 726, 474 S.E.2d 906 (1996); Syllabus Point 1, *Wetzel County Solid Waste Authority v. West Virginia Div. of Natural Resources*, 195 W.Va. 1, 462 S.E.2d 349 (1995); Syllabus Point 4, *Donley v. Bracken*, 192 W.Va. 383, 452 S.E.2d 699 (1994); Syllabus Point 1, *Lewis v. Canaan Valley Resorts, Inc.*, 185 W.Va. 684, 408 S.E.2d 634 (1991); Syllabus Point 4, *State ex rel. West Virginia Housing Development Fund v. Copenhaver*, 153 W.Va. 636, 171 S.E.2d 545 (1969). This Court will not declare a statute unconstitutional on the basis of hypothetical and unreal facts if it is valid according to the facts as they exist. *Kanawha County Public Library v. County Court*, 143 W.Va. 385, 399, 102 S.E.2d 712, 720 (1958).

■ Further, our well-established law concerning moot questions was stated in Syllabus Point 1 of *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908):

Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights

of persons or property, are not properly cognizable by a court.

*In accord*, Syllabus Point 5, *West Virginia Educ. Ass'n. v. Consolidated Public Retirement Bd.*, 194 W.Va. 501, 460 S.E.2d 747 (1995); Syllabus Point 1, *State ex rel. Durkin v. Neely*, 166 W.Va. 553, 276 S.E.2d 311 (1981); Syllabus Point 3, *State ex rel. Capitol Business Equipment, Inc. v. Gates*, 155 W.Va. 64, 180 S.E.2d 865 (1971); Syllabus Point 1, *State ex rel. West Virginia Secondary School Activities Commission v. Oakley*, 152 W.Va. 533, 164 S.E.2d 775 (1968); Syllabus Point 1, *Swartz v. Public Service Comm'n*, 136 W.Va. 782, 68 S.E.2d 493 (1952).

■ We believe that the issues raised by the appellant fall squarely into the category of moot questions. The appellant seeks to invalidate a statute of which it has not attempted to avail itself. Further, the statute challenged by the appellant is no longer in effect, having been substantively amended by the Legislature in 1995.

Accordingly, the circuit court's April 8, 1996 order is affirmed.

Affirmed.